W. M. Duff v. H. W. Morrison.

FACTS, *Stated — Justice of the Peace — Jurisdiction.* Where real estate is
    sold and conveyed, and everything connected with the sale and con-
    veyance is completed except that the costs of the abstract of title,
    the transferring of the title and the recording of the deed are not
    paid; and during the negotiations with reference to the purchase,
    sale and conveyance, the grantor agreed to pay such costs but after-
    ward failed and refused to do so, and the grantee then paid the same
    and afterward commenced an action against the grantor before a
    justice of the peace to recover the sums thus paid, *held*, that the jus-
    tice of the peace has jurisdiction to hear and determine the case.

*Error from Butler District Court.*

THE facts are stated in the opinion.    Judgment for plain-
tiff *Morrison*, at the June term, 1887.    Defendant *Duff* comes
here.

*W. M. Duff*, plaintiff in error, for himself.

*Hazlett & Harris*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a jus-
tice of the peace of Butler county by H. W. Morrison against
W. M. Duff for the recovery of $2.45.    The plaintiff's bill
of particulars, omitting title and signature, reads as follows:

"Said plaintiff alleges that within the last 60 days he, the
said plaintiff, bought a lot of said defendant in the city of
El Dorado, Kansas; that by the terms of the sale the said
defendant was to furnish an abstract of title, showing a clear
title to said property, and pay all necessary expenses up to
deed from said defendant, to said plaintiff; that as a part of
the purchase-money therefor, said plaintiff was to pay off a
certain note; that said plaintiff has paid off said note and
in all respects conformed to his part of the agreement of pur-
chase; that said defendant failed and refused to pay for the
abstract of title, and also failed and refused to pay for trans-
ferring and recording a deed of said property to said defendant,
which by the terms of said agreement he was bound to do;
that the cost of said abstract and cost of said transferring and

recording, all of which said plaintiff has paid, amounts to the sum of $2.45, which said sum has been duly demanded by said plaintiff from said defendant, whereupon said plaintiff demands judgment against said defendant for the sum of two and 45-100 dollars, with interest thereon from the 26th day of March, 1887, at seven per cent., and costs."

A trial was had before the justice and a jury, and the verdict and judgment were in favor of the plaintiff and against the defendant for $2.45. The costs of suit amounted to $12.80. The defendant, as plaintiff in error, took the case on petition in error to the district court, where the judgment of the justice of the peace was affirmed; and then Duff, as plaintiff in error, brought the case to this court for review.

Duff, the plaintiff in error in this court, plaintiff in error in the district court and defendant in the justice's court, claims error in the two lower courts for the reason that no cause of action was stated in the aforesaid bill of particulars, and that the justice of the peace did not have and could not have any jurisdiction over the subject-matter of the action. It is claimed that the aforesaid bill of particulars did not state cause of action, for the reason that § 6 of the statute of frauds and perjuries (Gen. Stat. of 1889, ¶ 3166) requires that all contracts for the sale of lands shall be in writing, signed by the party to be charged. Upon the facts of this case, however, the claim is not tenable, for the reason, among others, that it is not shown that the contract sued on was not in writing, or that it did not in every particular fulfill all the requirements of the aforesaid section of the statute of frauds and perjuries.

It is further claimed that the justice of the peace had no jurisdiction of the subject-matter of the action, and this for the following provision of § 8 of the justices code, (Gen. Stat. of 1889, ¶ 5854,) which reads as follows: "Justices shall not have cognizance of any action, . . . fourth, in actions on contracts for real estate."

Now is this an action on *a contract for real estate?* Mr. Swan in his Treatise for Justices, (page 17,) says that "*a*

*contract for real estate* is an agreement to sell or convey an interest, title or estate in lands," and is not an agreement for something to be done upon lands, or for the rent thereof. (See also *Bridgmans v. Wells*, 13 Ohio, 43.) Neither can it be an agreement for the payment of the cost of an abstract of title, or for the payment of the cost of transferring the title, or for the payment of the cost of recording a deed. Connected with the cause of action in the present case there was a contract for the purchase and sale of real estate, but everything connected with such purchase or sale, or incidental thereto, except the mere payment of the cost of the abstract of title, the cost of the transferring of the title, and the cost of the recording of the deed, was executed, completed, fulfilled, terminated and ended some time before this action was commenced. The abstract of title had already been procured, the consideration for the property had been paid, the deed for the property had been executed, the title to the property had been transferred, and the deed for the property had been recorded; and nothing was left to be done except the mere payment for the abstract of title, the payment for the transferring of the title, and the payment for the recording of the deed. At that time no action for the enforcement of the contract for the purchase or sale of the property, or for the enforcement of anything upon which the purchase or sale or title to the property depended, could have been maintained, for the purchase and sale of the property and all things upon which the purchase or sale or title depended had been completed, perfected, and consummated. Nothing concerning the purchase or sale or title was left to be done, but during the negotiations with regard to the purchase and sale the defendant, Duff, agreed to pay for the cost of the abstract of title, the cost of the transferring of the title, and the cost of the recording of the deed, and under this agreement he was under obligation to do so; but he failed and refused to perform his obligation, and because thereof the plaintiff, Morrison, was forced to and did pay for such abstract of title, the transferring of the title, and the recording of the deed, and this

action is brought simply for the recovery of the sums of money thus paid by him, and the action is not in any sense an action to enforce a contract for the purchase or sale of real estate.

The judgment of the court below will be affirmed.

All the Justices concurring.