Fry v. Dunn.

---

C. H. FRY v. EDWARD DUNN *et al.*

No. 13,799.   (78 Pac. 814.)

SYLLABUS BY THE COURT.

JURISDICTION—*City Court—Action for Return of Purchase-money.*
    D. contracted to sell certain real estate to F. for $1500, of which $300 was paid down by F., and it was agreed between the parties that the deed from D. to F. should be placed in escrow, which was done, to be delivered to the buyer upon payment of the purchase-price. It was further agreed that, if F. should fail to secure a loan on the property of $600 or $700 from a designated loan company, the contract should be at an end and the $300 payment returned. F. failed to get the loan. In an action in the city

court of Wichita to recover the $300 from D., *held*, that the action was not founded on "a contract for real estate," and that the city court had jurisdiction to try and determine the cause.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed December 1, 1904. Reversed.

### STATEMENT.

THIS was an action brought by C. H. Fry, plaintiff below and plaintiff in error here, in the city court of Wichita, to recover the sum of $300 from defendants in error. Fry had judgment in the city court, from which defendants below appealed. In the district court a motion of the latter to dismiss the action was sustained, on the ground that the city court had no jurisdiction of the case for the reason that the action was based "on a contract for real estate." The bill of particulars is very long and circumstantial. Its substance is as follows :

In January, 1902, the Dunn brothers occupied two lots in Valley Center, with a building thereon, in which they carried on the business of blacksmithing and wagon repairing. They proposed to sell the property to Fry, together with all tools, fixtures, and stock in trade. Plaintiff accepted the offer and agreed to pay $1500 for the property—$300 down, $600 the following February, and $600 a month later. It was agreed that there should be no sale, and that the contract should not take effect or be in force unless Fry could borrow $600 or $700 from a certain mortgage company on the security of the real estate, and in case of failure the $300 paid on the purchase-price should be returned. It was agreed that on making said payment defendants, with their wives, should execute a warranty deed to the lots and place it in escrow, to be delivered to plaintiff on receipt of $1200, the remaining amount of the purchase-money. The

deed was so executed and deposited, and the $300 paid by Fry to defendants.

It is further alleged that certain articles of hardware of the value of forty dollars were understood by plaintiff to be included in the sale, but defendants did not so understand, and claimed they were excepted therefrom; that this mutual mistake respecting the subject-matter of the contract was material, by reason whereof there was no contract made by the parties. It is also alleged that defendants made false and fraudulent statements regarding the subject-matter of the contract, which Fry believed to be true and relied on. Plaintiff applied to the mortgage company for a loan of $600 or $700, to be secured on the lots, but was refused, on the ground that the property was of a character and value not to justify the loan. Plaintiff then demanded a return of the $300 paid defendants and notified them that the contract was terminated, and that he could not carry it out. Defendants took from the depository the deed put in escrow. It was never delivered to Fry. It is further averred that on part of the personalty which plaintiff agreed to buy there was a chattel mortgage of record, to the amount of $100; that plaintiff supposed the property was clear of encumbrances; that he never obtained possession of any of the property which defendants agreed to sell him.

*S. W. Shattuck, jr.*, and *C. L. Foster*, for plaintiff in error.

*Blake & Ayres*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The city court of Wichita is given the same jurisdiction, with an increase as to amount, that is conferred by law on justices of the peace.

(Laws 1899, ch. 130.) By express statutory provision jurisdiction is denied to justices of the peace "in actions on contracts for real estate." (Gen. Stat. 1901, § 5235.)

The court below dismissed the case because in its judgment the bill of particulars disclosed that it came within the class of actions over which a justice of the peace was prohibited from taking cognizance. If the action was one "on a contract for real estate" the court below was right. If not, its ruling must be reversed. A reading of the bill of particulars, epitomized in the statement, will show that the contract for the purchase of the real estate was at an end before Fry brought his action in the city court. It was terminated for several reasons, principally on account of the failure of plaintiff below to borrow $600 or $700 by mortgage on the property, which was a condition precedent to a purchase of the real estate under the contract. ·While plaintiff below was under the necessity of proving the contract, to make out a cause of action in his favor, yet the action was not founded thereon, but was collateral and incidental to it.

It has been held in an action of forcible entry and detainer, which is possessory merely, that the title to real estate is not involved, although proof of title may be incidentally offered in support of the claim of possession. (*McClain v. Jones*, 60 Kan. 639, 57 Pac. 500.) Such actions often require that the plaintiff introduce a complete chain of title for the purpose of showing a wrongful possession by the defendant. Proof of this kind and the judgment in such cases do not establish a link in the chain of title. (*Armour v. Howe*, 62 Kan. 587, 64 Pac. 42.)

In *Duff v. Morrison*, 44 Kan. 562, 24 Pac. 1105, real estate was sold under a contract, and in it the grantor

Fry v. Dunn.

agreed to pay the costs of transferring the title, consisting of an abstract and recording fees.  In a suit against him, brought by the grantee to recover such costs, it was held that a justice of the peace had jurisdiction of the action.  The court commented on the fact that a contract for the purchase and sale of real estate was connected with the cause of action, but that everything relating to the purchase and sale had been completed except payment of the costs.  So, in this case, nothing remained to be done after Fry failed to obtain a loan on the property except the repayment to him of the $300 by defendants in error.  Plaintiff below in this action sought neither to rescind the contract nor to enforce it.  By its express terms, its validity and existence depended on Fry's obtaining the loan above mentioned.

The following cases sustain the right of a justice of the peace to take jurisdiction in such actions: *Schroeder v. Wittram*, 66 Cal. 636, 6 Pac. 737; *Mushrush v. Devereaux*, 20 Neb. 49, 28 N. W. 847; *Campbell v. McClure*, 45 id. 608; 63 N. W. 920; *Lorius v. Abbott*, 49 id. 214, 68 N. W. 486; *Benton v. Marshall*, 47 Ark. 241, 1 S. W. 201; *Newell et al. v. Long-Bell Lumber Co.*, 78 Pac. (Okla.) 104.

The judgment of the district court is reversed, with directions to set aside the order of dismissal and proceed with the trial of the cause.

All the Justices concurring.