## FISHER V. GOSSETT.

No. 2273.     Opinion Filed November 26, 1912.

(128 Pac. 293.)

1. **JUSTICES OF THE PEACE**—Jurisdiction—Nature of Action—Constitutional and Statutory Provisions. Section 18 of article 7 of the Constitution of the state of Oklahoma provides that courts of justices of the peace shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed $200, exclusive of interest and costs. Section 12 of article 7, after conferring jurisdiction on county courts, provides that said courts shall not have jurisdiction "in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question." Held: (1) That the court of the justice of the peace has jurisdiction of an action for damages for delay in making a conveyance of land. (2) That the provision of section 6277, Comp. Laws 1909, that justices of the peace shall not have jurisdiction in actions on contract for real estate, is, except as to actions for the specific performance of contracts for the sale of real estate, and as to matters wherein the title or boundaries of land is in dispute or called in question, repugnant to sections 12 and 18 of article 7 quoted above, and was not extended in force in the state of Oklahoma by section 2 of the Schedule of the Constitution.

2. **EVIDENCE**—Parol Evidence Affecting Writings—Sale of Land. Where a written agreement for the conveyance of land executed on the 17th day of September, 1907, specified no time within which the conveyance should be made, the law would require it

to be made within a reasonable time, and evidence of a parol contemporaneous agreement to convey on or about the 10th of October, 1907, following was not admissible.

(Syllabus by Rosser, C.)

*Error from Garfield County Court;*

*James B. Cullison, Judge.*

Action by Maude M. Gossett against James L. Fisher. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*O. D. Hubbell,* for plaintiff in error.

*McKeever & Walker,* for defendant in error.

Opinion by ROSSER, C. Plaintiff, Maude M. Gossett, brought this suit against the defendant, James L. Fisher, in the justice court of Garfield county, where she recovered a judgment. The defendant appealed to the county court, where the plaintiff again recovered judgment, and defendant now brings the case to this court. The action was brought to recover damages for delay in conveying certain land. There was a written contract entered into between the parties on the 17th day of September, 1907, by which the defendant agreed to convey the land, but which did not fix a time within which the conveyance should be made. The land was actually conveyed by the defendant to the plaintiff on the 3d day of March, 1908.

The defendant demurred to the plaintiff's petition upon the ground that the justice of the peace had no jurisdiction, and that therefore the county court acquired none on appeal. The defendant had conveyed the land to the plaintiff prior to the bringing of the suit. The defendant had not refused to convey, and the action was not brought for a failure to convey title, but merely for delay in making the conveyance. It was plaintiff's contention that she had been damaged by defendant's failure to convey as promptly as he had agreed to. The defendant contends that the provisions of section 6277, Comp. Laws 1909, to the effect that justices of the peace shall not have jurisdiction in actions on contracts for real estate, precluded the justice from taking jurisdiction in this.

case. There is a line of authorities to the effect that where the action is not brought either to rescind or enforce the contract, but merely to recover upon some covenant in the contract collateral to the title, the justice has jurisdiction. See *Fry v. Dunn,* 70 Kan. 333, 78 Pac. 814. But it is not necessary to decide the question of the effect of the statute quoted. It was not extended in force by the terms of section 2 of the Schedule for the reason that it is repugnant to section 18, art. 7. That section provides that:

"Until otherwise provided by law, courts of justices of the peace shall have, coextensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs."

Section 12 of article 7, after granting jurisdiction to the county court, contains the following:

"Provided that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate not arising under its probate jurisdiction."

The Constitution having conferred jurisdiction on justices of the peace concurrent with the county court in civil cases where the amount involved does not exceed $200, the question to be determined is whether or not the county court would have jurisdiction in this case. It is not an action for the specific performance of a contract for the sale of real estate, nor is the title or boundary of land in dispute or called in question. It is not one of the matters over which the county court is prohibited from exercising jurisdiction. *Loeb v Loeb,* 24 Okla. 384, 103 Pac. 570. Therefore a justice of the peace had jurisdiction of the action.

Over the objection of the defendant, the court permitted the plaintiff to allege and prove that the parties, at the time the written contract was made and as part of the contract, entered into

a parol agreement by which the defendant agreed to convey the land on or about the 10th day of October, 1907. This action of the court is assigned as error.

This contention of plaintiff must be sustained. There is no rule of law better settled than that evidence of parol contemporaneous agreements cannot be admitted to vary, add to, or subtract from the terms of a written agreement, except in cases of fraud, accident, or mistake, for the purpose of rescinding or reforming the contract, none of which are alleged or claimed in this case. *Cameron Coal & Merc. Co. v. Universal Metal Co.*, 26 Okla. 615, 110 Pac. 720; *Clinton Nat. Bank v. McKennon*, 26 Okla. 835, 110 Pac. 649; *Threlkeld v. Stewart*, 24 Okla. 403, 103 Pac. 630, 138 Am. St. Rep. 888; *Southard v. A. V. & W. R. Co.*, 24 Okla. 408, 103 Pac. 751; *McNinch v. Northwest Threshing Co.*, 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Guthrie & Western R. Co. v. Rhodes*, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *Moorehead v. Davis*, 13 Okla. 166, 73 Pac. 1103; *Liverpool, London & Globe Ins. Co. v. Richardson*, 11 Okla. 585, 69 Pac. 938. See section 1090, Comp. Laws 1909.

The judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.