Cheshire, }
Feb. 6, 1917. }

## WALTER G. PERRY v. NEW ENGLAND CASUALTY COMPANY.

A contract of permanent employment by an insurance company is illegal under Massachusetts Laws 1907, c. 576, s. 27, prohibiting any agreement for such employment whereby the compensation will extend beyond a period of three years from the date of such agreement.

ASSUMPSIT, for breach of a special contract. Trial by jury. The plaintiff's evidence tended to prove that he made a contract with the defendants in November, 1911, by the terms of which they were to pay him two hundred and fifty dollars a month and give him permanent employment as manager of their surety department. He began work for them December 1, 1911, and was discharged without cause the following March. Transferred from the April term, 1915, of the superior court by *Kivel,* J., on the plaintiff's exception to a nonsuit.

*Charles G. Keen* (of Maine), and *Charles H. Hersey* (*Mr. Keen* orally), for the plaintiff.

*Guy Ham* (of Massachusetts), and *Allen & Faulkner* (*Mr. Ham* orally), for the defendants.

YOUNG, J. The defendants contend that, if they agreed to give the plaintiff permanent employment, the agreement was illegal because it was made in Massachusetts. The law of that commonwealth (Mass. Laws 1907, c. 576, s. 27) provides that, "No domestic insurance company . . . shall make any agreement ·with any of its officers . . . or employees whereby it agrees that for any services rendered or to be rendered he shall receive any salary, compensation or emolument that will extend beyond a period of three years from the date of such agreement." The mischief at which s. 27 is aimed is that peculiar to contracts of employment

which cover more than three years. Such contracts are usually contingent on the life of the employee and his ability to do his work. In other words, one of the implied terms of the ordinary contract of employment is that it shall terminate if the employee dies or becomes unable to do his work during the time covered by the contract. The ordinary contract of employment, therefore, is one that may terminate within three years from its date, and since contracts of that kind must have been the ones the legislature had in mind when it enacted s. 27 it is probable that the test it intended should be applied to determine whether a particular contract is forbidden by that section is to inquire whether it may,—not whether it will,—be in force more than three years. Assuming, as we must for the purpose of this case, the truth of the plaintiff's evidence, the defendants agreed to give him permanent employment if he would take charge of their surety department.

If that term,—permanent employment,—is given its ordinary meaning, they agreed to employ him as manager of their surety department as long as they were engaged in the surety business and he was able and willing to do the work. *Carnig* v. *Carr*, 167 Mass. 544. It is obvious, therefore, that the contract in suit may cover much more than three years.

The plaintiff concedes that this is so, if the term "permanent employment" is given its ordinary meaning, but contends that under the peculiar circumstances surrounding the making of this contract "permanent employment" should be construed to mean three years. The only fact on which he relies to differentiate this contract from the ordinary one is that it can be found the parties intended to make a legal contract. One difficulty with this contention is that there is no evidence to sustain such a finding. The language the parties used is the only evidence there is relevant to the issue of their intention as to the time the contract should cover and, as has already appeared, if that is given its ordinary meaning, they intended the contract to be in force as long as the defendants were engaged in the surety business and the plaintiff was able and willing to manage that branch of their business, which obviously might be very much longer than three years. While it is true as the plaintiff contends that the problem for the court in construing a contract is to ascertain the intention of the parties or what the words they used meant to them, that rule has no application; for the issue raised by his contention as to the meaning that should be given to the term permanent employment is not what those words meant to the parties, but whether

they would have used them if they had known that s. 27 forbade the making of a contract that covers more than three years. In short while it may be the court's duty to effectuate the intention of the parties to a contract that they can legally make in so far as their intention can be ascertained and is legal, it is no part of its duty to make a contract for them when the one they make is illegal.

*Exception overruled.*

All concurred.