## PINE v. LENOX DRILLING CO.

No. 17071—Opinion Filed Sept. 21, 1926.

**Evidence—Parol Evidence to Vary Written Contract—Oral Negotiations Superseded by Writing.**

The execution of a contract in writing supersedes all the oral negotiations and stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to, or contemporaneous with, the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Lenox Drilling Company, a copartnership composed of J. M. Lenox, P. M. Lenox, W. H. Lenox, and Mark Blake, against W. B. Pine, to recover for the alleged breach of a contract. Judgment for plaintiffs, and defendant appeals. Reversed.

Hiatt & Hannigan, for plaintiff in error.

Eldon J. Dick, for defendants in error.

Opinion by FOSTER, C. The defendants in error were plaintiffs and the plaintiff in error was defendant in the trial court, and they will be so designated here. On the 3rd day of July, 1924, the plaintiffs and the defendant entered into a written contract by the terms of which the plaintiffs, who were drilling contractors, agreed to drill deeper for the defendant a certain well described as well No. 2, on the farm of Bassett & Walton, located in section 30, township 14 north, range 14 east, Okmulgee county, Okla., for an agreed consideration of $3 per foot. It was further provided in the written contract that the well to be deepened was of the approximate depth of 1,750 feet, and that it should be deepened to the Wilcox sand, found at a depth of approximately 2,650 feet.

Plaintiffs alleged in their petition that, when they commenced the work of deepening said well, they encountered in the well an inexhaustible supply of water; that plaintiffs thereupon requested the defendant to exhaust said water and deliver the hole to plaintiffs devoid of water, so that the plaintiffs could execute their contract, which the defendant failed and refused to do, and that by reason of certain representations made by the defendant prior to the execution of the written agreement, to the effect that the hole was free from water except eight or ten bailers thereof, the plaintiffs had suffered damage on account of defendant's breach of the contract in the sum of $595 incurred in moving machinery to the well, rigging up, and in cleaning out, or attempting to clean out the hole.

A copy of the written contract was attached to plaintiffs' petition. Motion by the defendant to strike the last seven lines of page 1, and all of pages 2 and 3, of the petition relating to the alleged prior representations of the defendant as to the quantity of water in the hole, on the ground that the allegations thereof were irrelevant, and sought to contradict, alter, add to, and vary the terms of the written agreement attached to plaintiffs' petition, and a demurrer to the petition, based upon the same grounds, were both overruled, and the defendant allowed an exception.

The defendant thereupon filed his answer, admitting the execution of the written contract, and stating, among other things, that the written agreement contained all of the terms and conditions of the agreement between plaintiffs and defendant, and that it contained a full and complete memorial of said agreement, and that the defendant had always been ready and willing to abide by the terms thereof.

The cause was tried to the court without the intervention of a jury, a jury being waived by stipulation of the parties. The written contract was offered by the plaintiffs and admitted, whereupon, over the objection of the defendant, they were allowed to introduce evidence tending to show that

prior to the execution of the written contract there was a representation or guaranty on the part of the defendant that there would not be over six or eight bailers of water in the well; that a much larger quantity of water was found, and that plaintiffs did not attempt to exhaust the water because it was impossible to do so without losing all profit on the undertaking.

A demurrer was interposed by the defendant to plaintiffs' evidence, heard, and overruled, and exceptions allowed. The defendant's evidence tended to show, that in the oral negotiations preceding the execution of the written contract, the supply of water in the well was discussed; that logs of certain wells in the vicinity were examined by plaintiffs and that defendant did not guarantee the amount of water, but merely stated that in his opinion there would not be a great deal of water in the well, and that it could probably be bailed out.

The trial court rendered judgment against the defendant for the amount sued for. From this judgment, and from an order overruling his motion for a new trial, the defendant appeals to this court for review, urging several assignments of error, most of which, however, present the single question of whether the trial court committed reversible error in admitting evidence of an alleged prior representation or guaranty by the defendant that there would not be more than six or eight bailers of water in the well.

An examination of the written contract executed by the parties reveals that it sets out in detail what each party to the contract should do. It appears to be complete in every respect. It requires the defendant to furnish nothing except the articles and appliances therein specifically mentioned. It contains no guarantee by the defendant that the well contained only six or eight bailers of water, or that the defendant should remove the water so that plaintiffs might have a dry hole in which to drill, in the event the well should contain more than that amount of water. The written contract merely designated the well as well No. 2 on the farm of Bassett & Walton, located in section 30, township 14 north, range 14 east, Okmulgee county, Okla.

There is no contention made, as we understand it, that the matter dealing with the quantity of water in the well, and with the alleged obligation of defendant to exhaust the water at his own expense, was omitted from the written contract through any fraudulent conduct on the part of the defendant, or by virtue of a mutual mistake

on the part of the parties to the contract in omitting from the written contract an essential part thereof.

It is not pointed out in what respect the contract may be ambiguous, or wherein it may need explanation. The contract bears all of the earmarks of a complete agreement. Plaintiffs allege that the defendant in the prior oral negotiations agreed to do something which the written contract did not require of him, viz., to exhaust the supply of water in the well, and yet there is no claim made that the prior oral agreement was left out of the written contract through fraud or by mutual mistake, nor is any claim made that the effect of the contract was postponed until the happening of certain events.

The rule applicable to the situation presented by the facts in the instant case has been many times stated by this court in clear and unmistakable language. In McNinch v. Northwestern Thresher Co., 23 Okla. 386, 100 Pac. 524, it is said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

See, also, Western Silo Co. v. Pruitt, 94 Okla. 154, 221 Pac. 106; Fuller v. Caraway, 97 Okla. 110, 221 Pac. 79; Stebbins v. Lena Lumber Co., 89 Okla. 244, 214 Pac. 918; Southard v. Arkansas Valley & W. Ry. Co., 24 Okla. 408, 103 Pac. 750; Fisher v. Gossett, 36 Okla. 261, 128 Pac. 293; Norris v. Richards, 105 Okla. 269, 232 Pac. 796.

Plaintiffs cite a number of authorities in their brief in support of the well-settled rule that, in the case of doubt as to the meaning of a written contract, prior negotiations between the parties may be considered in construing the contract. Plaintiffs, however, fail to point out in their brief wherein the written contract attached to their petition is doubtful or uncertain in meaning, so as to render applicable the long list of authorities cited in their brief. They say:

"Certainly, if it is contended that under the terms of the contract plaintiffs were required to pump water for perhaps days and weeks in an effort to exhaust the water, and until all the profit which they might earn

was gone before they could commence their contract to deepen the well, could it be said that there is no uncertainty therein?"

The trouble with this contention is that the uncertainty of which plaintiffs complain is not an uncertainty in the language of the contract so much as uncertainty as to the effect of the contract on their personal fortunes.

Failure to realize any profit in carrying out the contract as written may evidence negligence on their part in entering into the contract, but such result discloses no infirmity in the written contract itself, if the contract is otherwise clear and unambiguous. McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524.

When parties have solemnly reduced their contract to writing and made it the highest memorial of their agreement, it is not for the courts to discharge an obligor therein from its binding effect, merely because the contract turns out to be difficult or burdensome to perform. If loss must ensue it must fall where the contract places it. 6 R. C. L. page 997.

There is no merit in the contention that parties in the instant case, by their conduct under the contract, have placed thereon a practical construction in harmony with the contention of the plaintiffs. It is said that because the defendant told plaintiffs to swab the well at defendant's expense, he thereby accepted the construction placed upon the contract by the plaintiffs rendering him liable.

The evidence discloses that in swabbing the well after plaintiffs commenced work thereon, and in attempting to get rid of the surplus water, the cost of these operations was not treated as the expense of any one party to the contract, but was during a part of the time at least conducted at the expense of the plaintiffs alone, and in this situation it cannot be said, consistently, that the defendant concurred in plaintiff, interpretation of the contract any more than that the plaintiffs were adopting defendant's version thereof.

There was no purpose, we think, on either side to place a construction on the contract at variance with what they subsequently claimed at the trial, but was an effort by both parties to get together upon some new working basis in view of unexpected developments.

We conclude that the trial court erred in admitting evidence of alleged representations by the defendant made prior to the execution of the written contract, tending to show that the defendant orally represented that the hole did not contain more than six or eight bailers of water, and that the trial court erred in rendering judgment in favor of plaintiffs based on this evidence.

There are other propositions discussed by plaintiffs in their brief, but in view of the conclusions reached, it is not necessary to notice them. This judgment of the trial court is therefore reversed, and the cause remanded, with directions to dismiss plaintiffs' action.

By the Court: It is so ordered.

Note.—See 13 C. J. p. 597, § 616; 22 C. J. p. 1098, § 1459; p. 1102, §1459; p. 1180, § 1573; 17 L. R. A. 272 ; 10 R. C. L. p. 1033; 2 R. C. L. Supp. p. 1143.