## FOSTER v. ATLAS LIFE INS. CO.

No. 19794. Opinion Filed Oct. 20, 1931.

Rehearing Denied Jan. 12, 1932.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

McComb & McComb and Stephen C. Treadwell, for defendant in error.

McNEILL, J. This is an appeal from the district court of Oklahoma county. The parties will be referred to as they appeared in the trial court: T. F. Foster, plaintiff in error, as plaintiff, and Atlas Life Insurance Company, a corporation, defendant in error, as defendant.

This action was instituted on June 8, 1927, in the district court of said county, by said plaintiff against said defendant for the cancellation of a certain contract of employment with said defendant. Plaintiff alleged in his amended petition that said plaintiff, on the 21st day of November, 1925, entered into a contract of employment with the defendant through its duly authorized agent and president, H. L. McClure; that said contract was partly oral and partly evidenced by an instrument in writing, designated, "Agreement of Contract Between Atlas Life Insurance Company, Tulsa, Oklahoma, and T. F. Foster, November 21, 1925," and being as follows, to wit:

"It is hereby agreed that the Atlas Life Insurance Company employs T. F. Foster as agency supervisor, to contract with, instruct, and assist agents for the Atlas Life Insurance Company.

"T. F. Foster is to devote his entire time to the duties of the Atlas Life Insurance Company, and is to receive instructions from the home office of said company.

"For his services, the Atlas Life Insurance Company agrees to pay Mr. Foster's expenses and a salary of three hundred dollars ($300) per month; and a first year's bonus of one dollar ($1) per thousand on the insurance written and paid for by agents contracted by Mr. Foster; and a renewal commission of two and one-half per cent. (2½%) for nine years on premiums of such insurance as it is renewed.

"Accepted: H. L. McClure, President. "T. F. Foster."

Said plaintiff further alleged that before defendant would execute said contract and deliver the aforesaid instrument, said defendant demanded of plaintiff, and it was orally agreed between them, that he would work permanently for said defendant, and would help build up the defendant's insurance company in the state of Oklahoma; that he would surrender the valuable contract he had with the Voluntary State Life Insurance Company, with which company the plaintiff had at said time already acquired valuable renewals worth several thousand dollars; that it was orally agreed to, as a condition precedent, that the plaintiff surrender all of his said contractual rights with said Voluntary State Life Insurance Company, upon plaintiff's oral agreement to stay with the defendant permanently and help build up the said Atlas Life Insurance Company; that by the terms of said contract the said plaintiff became the agency supervisor of the defendant, and was to receive a salary of $300 per month and a first year's bonus of $1 per thousand upon all insurance written and paid for by agents contracted by plaintiff, and, in addition thereto, a commission of 2½ per cent. for nine years on premiums of each policy so written and renewed; that in accordance with the terms of said contract said defendant established an office in the city of Oklahoma City for this plaintiff, and furnished and equipped the same for plaintiff without charge to plaintiff, and plaintiff was put to work by the de-

fendant, operating in Oklahoma county and in neighboring counties, being all the counties traversed by the Rock Island lines running north and south from Kansas to Texas, and all counties traversed by the Santa Fe lines running from Kansas to Texas, and all counties lying between said lines, as well as Pottawatomie, Lincoln, and Payne counties; that said plaintiff in accordance with said contract proceeded to carry out and comply with the provisions of the same, and in an efficient manner to build the Atlas Life Insurance Company; and proceeded to make his connection with it permanent, knowing at said time that, under the insurance provisions of the statutes of Oklahoma, his contract could not last longer than five years, unless he made good and obtained a renewal of same on account of his efficient service with said company during said five-year duration.

Plaintiff further alleged that, on or about the 1st day of June, 1926, defendant breached said contract, canceled the same, took plaintiff out of said services, and discharged him under protest of said plaintiff, and other allegations not necessary for the determination of this cause. Plaintiff prayed for damages against said defendant in the sum of $100,000, with interest from the 1st day of June, 1926, at the rate of 6 per cent. per annum.

To this amended petition, the defendant filed a motion to strike certain portions of plaintiff's amended petition and to make said amended petition more definite and certain in certain particulars, which motion was overruled by the trial court. Thereafter defendant filed its demurrer on the 17th day of September, 1927, setting forth in said demurrer the following grounds:

"(a) Said allegations are wholly insufficient to allege the making of a contract for permanent employment, or for five years, or longer.

"(b) Such alleged permanent contract, or a contract for more than five years, would be wholly unreasonable and void, and beyond the power and authority of the said president of said company to make and execute, and same would be void for lack of mutuality.

"(c) It appears from the face of said amended petition that such alleged demand, agreement, condition, understanding, contemplation and view were oral and therefore insufficient and in violation of the statute of frauds, to wit: Section 5034, subdivision 1st, of the Compiled Oklahoma Statutes 1921, because not to be performed within a year from the making thereof.

"(d) Such alleged permanent contract,

or a contract to last more than five years, would be in violation of the insurance laws of Oklahoma, and especially of section 6717 of the Compiled Oklahoma Statutes 1921.

"(e) It appears from the face of said amended petition that said alleged demand, agreement, condition, understanding, contemplation, and view as to the term or duration of said contract, were oral, and therefore insufficient and cannot vary, add to, or alter the terms of the written contract, exhibit 'A', sued upon by plaintiff, and were prior to the making of said written contract, and said exhibit 'A' controls over said allegations, and the said written contract is a contract at will, or at most a contract of monthly hiring, and the defendant had a legal right to terminate same as and at the time alleged, without liability to plaintiff."

This demurrer was overruled, and on the 1st day of December, 1927, said defendant filed an answer denying each and every material allegation contained in the amended petition, etc.

On December 5, 1927, plaintiff filed his reply to the answer of the defendant, and on June 14, 1928, said cause came on for trial, a jury was impaneled, opening statements of counsel for plaintiff and defendant were made to the jury, and plaintiff was sworn as a witness; thereupon, counsel for defendant objected to the introduction of any testimony on the ground that the amended petition did not state a cause of action in favor of plaintiff and against the defendant. Said objection was then argued and the court sustained the objection and refused to permit plaintiff to introduce any evidence, dismissed the jury, rendered and entered judgment for defendant, and dismissed the case at the cost of plaintiff, to all of which action of the court plaintiff duly excepted, gave notice of his intention to file motion for new trial and appeal from the judgment and final order of said court.

All of the plaintiff's assignments of error are based upon and relate to the error of the district court in sustaining an objection to the introduction of any testimony on behalf of plaintiff. Plaintiff's suit was for the alleged wrongful cancellation of a certain contract of employment between the plaintiff and defendant. Plaintiff contends that the contract was partly oral and partly written, and that there should be added to the written portions of the contract, hereinbefore referred to, an alleged oral agreement to the effect that this contract is to be permanent and is to last at least five years. There are other alleged oral portions contended for by plaintiff which are immaterial

to the consideration of this case, and unless plaintiff can establish the right to have this oral portion of the contract relative to the same being permanent and lasting for five years added as a part or parcel of the aforesaid written contract, then the trial court did not err in sustaining the objection of defendant to the introduction of testimony on behalf of plaintiff. This court has announced the rule that the attacking of pleadings by objection to the introduction of evidence is not favored, but we know of no case wherein this court has ever said that the same is not proper or that the court should look with any disfavor or prejudice upon the objection to the introduction of evidence where the defendant prior thereto timely brought the same to the attention of the court by attacking the sufficiency of the petition by motion and demurrer. In the case at bar, the record shows that the defendant did not wait until the trial to first raise this attack on the pleadings by objection to the introduction of evidence. The same was timely raised by defendant in its motion to strike certain portions of plaintiff's amended petition and to make the same more definite and certain in certain particulars; the same was overruled by the trial court, and thereafter defendant filed its demurrer to said amended petition designating specifically the grounds of objection to the amended petition. The trial court at that time overruled the contention of defendant, but after the cause came on for trial before a jury, and immediately after the opening statements were made by each side, and plaintiff was sworn as a witness, defendant thereupon interposed his objection to the introduction of any evidence in said cause for the reason that said amended petition did not state a cause of action in favor of plaintiff and against the defendant. This was a proper procedure, and the sufficiency of said petition was again challenged as stating a cause of action in favor of plaintiff and against defendant. The contention of plaintiff, that the attacking of the sufficiency of a petition is not favored by objection to the introduction of evidence, has no application in the case at bar. The defendant in this respect proceeded by the established rule of procedure to bring the sufficiency of the petition to the attention of the trial court.

Counsel for plaintiff contends that the oral portion of the contract is not inconsistent with the written part of the contract providing for payment by the month, and that it was to continue for five years; that if the contract could be ended at any time,

why did it contain the provisions of a bonus of $1 per thousand on insurance written and paid for by agents contracted for by plaintiff, and for a renewal commission of 2½ per cent. for nine years on premiums on such insurance written and paid for by agents as it was renewed? The theory of plaintiff is that the provisions of the contract being permanent and lasting for five years are not in conflict with the payment of the $300 per month.

Counsel for defendant contend as follows:

"1. The written contract sued upon is a complete contract in itself and is a contract at will, or at most a contract of monthly hiring, or hiring from month to month, and in either event the same could be terminated by either party at will or at the end of any monthly period, and as and when alleged, without liability.

"2. The alleged oral agreement to the effect that the contract was to be permanent or to last at least for five years, would be inadmissible and in violation of the parol evidence rule and the statutes of this state, because the same would vary, add to, and alter the terms of the written contract sued upon by plaintiff.

"3. The alleged agreement that the contract was to be permanent and to last for at least five years, not being in writing, is illegal and in violation of the statute of frauds, to wit: section 5034, subd. 1st, Compiled Oklahoma Statutes 1921, because not to be performed within a year from the making thereof.

"4. The alleged agreement that the contract was to be permanent would be illegal and in violation of the insurance laws of Oklahoma, to wit, section 6717, Compiled Oklahoma Statutes 1921, which prohibits a life insurance company making any contract for services which provided for the paying of salary, compensation or emolument that would extend for a period of five years from the date of such agreement."

To a determination of the questions involved, it is necessary to examine the contract. The defendant contends that the written contract is a complete contract in itself and is a contract at will, or at most a contract of monthly hiring or hiring from month to month. There is a conflict among the authorities as to whether or not a contract of employment which specifies no duration of time but which merely provides for hiring at a fixed price on some unit basis, per day, per week, per month, or per year, is an indefinite hiring, or whether it is a definite hiring for the unit of time so named; some of the authorities hold that a hiring at so much per month is a definite

hiring for a period of one month, at the end of which time it can be terminated without liability. There is another line of authorities holding that a hiring at so much per day, per week, per month, which mentions no other unit or duration of time, is an indefinite hiring terminable at will. In the case at bar, the defendant did not cancel the contract until after plaintiff had been working for defendant for a period of about six months, and it becomes immaterial in this case whether the contract should be construed as one at will, or a contract of monthly hiring. Plaintiff contends that the defendant had no right to discharge him at all, and in any event not until the expiration of five years. Our court has announced the rule that a contract which is indefinite as to duration is a contract at will and may be terminated by either party at any time.

In the case of Arkansas Valley Town & Land Co. v. A., T. & S. F. Ry. Co., 49 Okla. 282, 151 P. 1032, this court, speaking through Mr. Justice Hardy, stated:

"The contract, however, does not by its terms fix any period of duration between the parties and its duration is indefinite, so that we are unable to determine just how long the parties contemplated that it should continue. This being true, it might be terminated by either party at any time."

Also, this court stated in the case of Rogers v. White Sewing Machine Co., 59 Okla. 40, 157 P. 1044, as follows:

"We think the most serious difficulty with this contract lies in the indefiniteness as to its duration. The defendant could have terminated it at any time without incurring any liability to the plaintiff."

This court, in the case of Roddy v. United Mine Workers of America, 41 Okla. 621, 139 P. 126, stated as follows:

"We take it as fundamental that any man, in the absence of a contract to work a definite time, has a right to quit whenever he chooses, for any reason satisfactory to him, or without any reason. If his wages are not satisfactory, his hours too long, his work too hard, his employer or employment uncongenial, or his colaborers objectionable, his right to quit is absolute. We think, under the better authority, that what an individual may do, a number of his colaborers may join him in doing, provided the thing to be done is lawful."

In the body of the opinion, the court also quoted from the case of National Protective Ass'n v. Cumming, 170 N. Y. 320, 63 N. E. 369, 58 L. R. A. 135, 88 Am. St. Rep. 648, as follows:

"It is not the duty of one man to work for another unless he has agreed to, and if he has so agreed but for no fixed period, either may end the contract whenever he chooses. The one may work, or refuse to work, at will, and the other may hire or discharge at will. The terms of employment are subject to mutual agreement, without let or hindrance from any one. If the terms do not suit, or the employer does not please, the right to quit is absolute, and no one may demand a reason therefor."

The contract in question provides for plaintiff as agency supervisor and that he receive for his services his expenses and a salary of $300 per month; and as further remuneration for such services, while he is with the company, the company agreed to pay him a certain bonus and renewals. The provisions as to the bonus and renewals do not in any way attempt to fix the duration of the contract, but merely provide a method of compensation for services rendered. There is an apparent inconsistency in reference to plaintiff's contention, in that he states that the contract was to be permanent, and at the same time that it was to last at least five years. Under the authorities cited, we are of the opinion that this contract, in the absence of any unit or period of duration, is a contract at will. Arkansas Valley Town & Land Co. v. A., T. & S. F. R. Ry. Co., supra; Rogers v. White Sewing Machine Co., supra.

Defendant further contends that the alleged oral agreement would violate the parol evidence rule which would permit parol evidence to add to, vary, or subtract from the terms of the written contract. A written contract merges and supersedes all prior or contemporaneous oral agreements or negotiations, but plaintiff contends that the alleged oral agreement was a condition precedent to the delivery of the written part of the contract, and was not in conflict or inconsistent with the written part and would be admissible to prove the written and oral agreement. Section 5035, C. O. S. 1921, provides that the execution of a contract in writing supersedes all oral negotiations or stipulations concerning this matter which preceded or accompanied the execution of the instrument.

In the case of Pine v. Lenox Drilling Co., 119 Okla. 225, 249 P. 420, this court held:

"Parol evidence is not admissible to vary, add to, or change the terms of a written contract and cannot be admitted under the guise of explaining or construing the contract where the written contract is plain in its terms, and no fraud, accident or mistake is alleged in the execution of the same."

In the case at bar, plaintiff makes no contention that the written contract was induced by fraud, accident, or mistake. Because the contract does not state the duration of the employment, it is not by reason thereof rendered uncertain or ambiguous so as to admit parol evidence, but such a contract is a contract at will. Arkansas Valley Town & Land Co. v. A., T. & S. F. Ry. Co., supra.

The Supreme Court of Illinois, in the case of Davis v. Fidelity Fire Insurance Co., 208 Ill. 375, 70 N. E. 359, wherein the agent claimed a written letter of appointment was not the full agreement of the parties and attempted to prove by oral agreement that the contract was to last for five years, states as follows:

"It is urged by appellants that the letter of appointment does not fully set forth the agreement between the parties, and therefore the case of Orr v. Ward, supra, and the other cases to the same effect cited by appellee in its brief, do not apply to this case for that reason. We are of the opinion the letter of appointment does set forth the agreement between the parties, and that its terms are plain and unambiguous. While the agreement does not state the duration of the time of the appointment of Davis & Shepard, but leaves the time of their appointment indefinite, that does not, in a legal sense, make the agreement uncertain or ambiguous. To admit parol evidence that the appointment was for a period of five years by reason of the fact that the time of their appointment is indefinite, would be to import into the agreement a provision which the parties deliberately omitted therefrom. In other words, to admit such testimony would be to make a new contract for the parties. This the court is powerless to do. Vail v. Northwestern Mutual Life Insurance Co., 192 Ill. 567, 61 N. E. 651."

The legal effect of a written instrument cannot be contradicted by parol. This rule finds support in Corpus Juris. The author of the text, 22 C. J., pages 1075, 1076, states:

"The legal effect of a written instrument, even though not apparent from the terms of the instrument itself, but left to be implied by law, can no more be contradicted, explained or controlled by parol or extrinsic evidence than if such effect had been expressed. * * * Where a continuing executory contract, as, for instance a contract of employment, does not specify the time it shall remain in force, it is terminable by either party at pleasure, and parol evidence cannot be admitted of an agreement that the services shall be continued for a specified time."

The defendant also contends that the alleged oral agreement is in violation of the statute of frauds. Section 5034, C. O. S. 1921, provides as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and be subscribed by the party to be charged, or by his agent;

"First. An agreement that, by its terms, is not to be performed within a year from the making thereof."

Our court, in the case of Halsell v. Renfrow, 14 Okla. 674, 78 P. 118, 2 Ann. Cas. 286, which was affirmed by the Supreme Court of the United States in 202 U. S. 287, says:

"A memorandum to be sufficient under the statute of frauds must be complete in itself and leave nothing to rest in parol."

In the body of the opinion, the court states as follows:

"In order to be sufficient, the letters, telegrams, and writings, relied upon must, by reference to each other, disclose every material part of a valid contract, and must be signed by the party sought to be charged. They must set out the parties, the subject-matter, the price, the description, terms and conditions, and leave nothing to rest in parol. (Fox v. Easter, 10 Okla. 527, 62 P. 283; Gault v. Stormont, 51 Mich. 636; Eggleston v. Wagoner, 46 Mich. 610; Ferguson v. Blackwell, 8 Okla. 489, 58 P. 647.)

"It is a general rule that parol evidence cannot be permitted to supply an omission of any essential element of the contract."

In this opinion the court lays down the general rule that the complete contract must be contained in writing and no part of the contract must rest in parol. 202 U. S. 287.

In 27 C. J. 268, it is said:

"To be sufficient as a note or a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing. The contract cannot rest partly in writing and partly in parol. The general rule that a contract which is not entirely in writing is to be treated as a parol or verbal contract is applicable in determining whether the contract is within the inhibition of the statute of frauds. The memorandum must contain all the essential elements of material parts of the contract."

The Supreme Court of Ohio, in the case of City of Wellston v. Morgan, 59 Ohio St. 147, 52 N. E. 127, in considering a contract made for 99 years, when the statute prohibited the making of such a contract for a period longer than 10 years, and where it was contended that the contract was valid for at least a period of ten years, said:

"But another objection seems equally fatal to the proposition. We are dealing with the subject of contract. It implies parties, and a meeting of the minds. The paper presented undertakes to stipulate for the furnishing of light, and an agreed price therefor, for a period of 99 years. The proposition is that we now treat it as a contract for 10 years; that is, that the court shall make a new contract for the parties for 10 years and then enforce it. * * * And if the court were of opinion that probably the company would have been willing to so contract, where is there any authority in the court to now alter the terms that they did agree upon, and then enforce them as changed? We are of opinion that neither in law nor reason is there any ground for such a proposition."

Counsel for plaintiff contend in their brief that the contract is permanent. Under section 6717, C. O. S. 1921, there is a provision as follows:

"* * * Nor shall any such life insurance company, association or corporation make any agreement with any of its officers, trustees or salaried employees, whereby it agrees that for any services rendered to or to be rendered, he shall receive a salary, compensation or emolument that will extend beyond a period of five years from the date of such agreement. * * *"

In other words, plaintiff alleges that his contract is permanent and he is bound by law to know that the insurance company cannot enter into such a contract beyond a period of five years from the date of such agreement. No Oklahoma decisions construing the effect of this portion of the statute has been called to our attention, nor do we find any.

In the case of Perry v. New England Casualty Co., 78 N. H. 346, 100 Atl. 605, wherein a similar law was interpreted concerning a contract made by the plaintiff by the terms of which the defendants were to pay him $250 per month and give him permanent employment as manager of their surety department, said plaintiff commencing work for them on December 1, 1911, and being discharged without cause the following month, the Supreme Court of New Hampshire stated, in part, as follows:

"The defendants contend that if they agreed to give the plaintiff permanent employment the agreement was illegal because it was made in Massachusetts. The law of that commonwealth (Mass. Laws 1907, c. 576, section 27), provides that:

" 'No domestic insurance company * * * shall make any agreement with any of its officers * * * or employees whereby it agrees that for any services rendered or to be rendered he shall receive any salary, compensation or emolument that will extend beyond a period of three years from the date of such agreement.'

"The mischief at which section 27 is aimed is that peculiar to contracts of employment which cover more than three years. Such contracts are usually contingent on the life of the employee and his ability to do his work. In other words, one of the implied terms of the ordinary contract of employment is that it shall terminate if the employee dies or becomes unable to do his work during the time covered by the contract. The ordinary contract of employment, therefore, is one that may terminate within three years from its date, and since contracts of that kind must have been the ones the Legislature had in mind when it enacted section 27, it is probable that the test it intended should be applied to determine whether a particular contract is forbidden by that section is to inquire whether it may—not whether it will—be in force more than three years. * * *

"While it is true, as the plaintiff contends, that the problem for the court in construing a contract is to ascertain the intention of the parties or what the words they used meant to them, that rule has no application for the issues raised by his contention as to the meaning that should be given the term 'permanent employment' is not what those words meant to the parties, but whether they would have used them if they had known that section 27 forbade the making of a contract that covers more than three years.

"In short while it may be the court's duty to effectuate the intention of the parties to a contract that they can legally make in so far as their intention can be ascertained and is legal, it is no part of its duty to make a contract for them when the one they make is illegal."

We have examined the record and briefs of counsel, and finding no reversible error, the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. HEFNER and CULLISON, JJ., absent.