**I. N. FREEMAN, Plaintiff,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Defendant.**

Civ. No. 63-349.

United States District Court
W. D. Oklahoma.

March 15, 1965.

Jo B. Gardner, Monett, Mo., and James E. Driscoll, Seminole, Okl., for plaintiff.

Loyd Benefield, Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

The plaintiff, a locomotive engineer, brings this diversity action for wrongful discharge from employment against the defendant railroad. The defendant has moved for summary judgment and the Court has heard arguments regarding what effect a "just cause" provision in the union contract has upon the contract of employment between the plaintiff and the defendant with reference to this type of an action.

The agreement between the defendant railroad and the Brotherhood of Locomotive Engineers which provided that an engineer would not be dismissed without just cause is, with reference to this provision as to discharge, impliedly a part of the individual employment contract between the plaintiff and the defendant. Smithey v. St. Louis Southwestern Ry. Co., 8 Cir., 237 F.2d 637, 638.

It is noted that there is apparently no question regarding the plaintiff's right to choose either to pursue his federal administrative remedy and seek reinstatement and back pay before the Railway Labor Board, or else to pursue his right in court in an action for breach of contract pursuant to the state law involved. The plaintiff has elected the latter remedy by this action and his right to damages depends upon the state contractual concept and remedy. The law of Oklahoma is applicable in this case. In other words, the plaintiff may recover

damages for wrongful discharge from employment if the Oklahoma Courts recognize such a right of action under the facts of this case.

"The right of a railway employee to damages for discharge, whether related to a labor agreement or otherwise, is a matter that has been left entirely to state contractual concept and remedy. Damages for discharge violative of a collective bargaining agreement under the [Railway Labor] Act can be recovered only 'if [the] state courts recognize such a claim'." Smithey v. St. Louis Southwestern Ry. Co., supra.

■■■ The Oklahoma cases hold that where a contract of employment is for an indefinite period, it is terminable at will by either party. Foster v. Atlas Life Ins. Co., 154 Okl. 30, 6 P.2d 805. The theory behind this conclusion is that there must be mutuality of obligation regarding the employee's right to quit and the employer's right to discharge to entitle the employee to damages, and moreover, from a practical standpoint, there must be a definite term of employment as to the employee in order to determine the loss of earnings suffered due to the employer's breach by wrongful premature termination. Thus, where there is a contract of employment which is terminable at will by either of the parties, an action for damages for wrongful termination will not lie under Oklahoma law for lack of mutuality.

In the case of Arkansas Valley Town & Land Co. v. Atchison, T. & S. F. Ry. Co., 49 Okl. 282, 151 P. 1028, 1032, the Supreme Court of Oklahoma, through Mr. Justice Hardy, stated:

"The contract, however, does not by its terms fix any period of duration between the parties, and its duration is indefinite, so that we are unable to determine just how long the parties contemplated that it should continue. This being true, it might be terminated by either party at any time."

Also, in the case of Rogers v. White Sewing Machine Co., 59 Okl. 40, 157 P. 1044, 1045, it is stated:

"We think the most serious difficulty with this contract lies in the indefiniteness as to its duration. The defendant could have terminated it at any time without incurring any liability to the plaintiff."

And see Foster v. Atlas Life Ins. Co., 154 Okl. 30, 6 P.2d 805, wherein the syllabus by the Court is as follows:

" 'It is not the duty of one man to work for another unless he has agreed to, and if he has so agreed, but for no fixed period, either may end the contract whenever he chooses. The one may work or refuse to work at will, and the other may hire or discharge at will. The terms of employment are subject to mutual agreement, without let or hindrance from any one. If the terms do not suit, or the employer does not please, the right to quit is absolute, and no one may demand a reason therefor'."

The case of Roxana Petroleum Co. of Oklahoma v. Rice, 109 Okl. 161, 235 P. 502, states substantially the same rule as stated above. Other cases in support of this proposition are not in conflict with this rule. See McKelvy v. Choctaw Cotton Oil Co., 52 Okl. 81, 152 P. 414, and Roddy v. United Mine Workers of America, 41 Okl. 621, 139 P. 126, L.R.A.1915D, 789.

■ Therefore, in Oklahoma no right to recover damages for alleged wrongful discharge from employment is recognized in favor of any employee whose employment contract leaves him free to terminate the relationship at his own will. Any limitation imposed upon the employer's right to discharge, such as the "just cause" provision, is without legal actionability for breach of employment contract by wrongful discharge in Oklahoma because of a lack of mutuality in respect to this phase of the employment relationship.

The rule in Oklahoma is like the Arkansas law which is quite precise and definite. The Supreme Court of Arkansas in a wrongful discharge case decided in 1897 held that because the contract of employment contained no agreement by the employee to serve any specific length of time, there was no breach of contract in discharging him, even though a labor agreement regarded as part of the hiring contract provided that the employee shall not be discharged "without just and sufficient cause". St. Louis, I. M. & S. Ry. Co. v. Mathews, 64 Ark. 398, 42 S.W. 902, 903, 39 L.R.A. 467. This rule was recognized and followed in Petty v. Missouri & Arkansas Ry. Co., 205 Ark. 990, 167 S.W.2d 895, and as recently as 1956 in Smithey v. St. Louis Southwestern Ry. Co., supra, and 1958 in Tinnon v. Missouri Pacific Railroad Company, D.C., 167 F.Supp. 675, affd. 8 Cir., 282 F.2d 773.

Also see Hanson v. Chicago, Burlington & Quincy Railroad Company, 7 Cir., 282 F.2d 758, for a well reasoned opinion under Wisconsin law.

Although this Court recognizes that the law in other states may be different, it concludes that under Oklahoma law where an employee is free to terminate the contract at his will, any qualification of the employer's right to likewise terminate the contract at will would be unenforceable in an action under state law for wrongful discharge from employment for lack of mutuality. The employee, therefore, has no cause of action under Oklahoma law for damages for wrongful discharge in the absence of a contract containing mutually binding provisions as to both parties in respect to its termination. This is not to say that the "just cause" provision may not be effective for purposes other than determining whether a wrongful discharge action lies under applicable state law, but the same will not alone create or perfect a wrongful discharge action under Oklahoma law for the reasons herein stated.

There is no genuine issue as to any material fact present in this case. Under the contract of employment here involved, when examined under Oklahoma law, the plaintiff does not have a cause of action for wrongful discharge from employment. Therefore, summary judgment is granted in favor of the defendant dismissing the action.