### T. J. MOOREHEAD v. H. M. DAVIS..

(Filed September 10, 1903.)

**PAROL EVIDENCE INADMISSIBLE, WHEN.** It is a fundamental rule of law that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, and where such evidence has been improperly admitted, it is the duty of the court, when so requested, to exclude the same by a proper instruction.

(Syllabus by the Court.)

*Error from the District Court of Blaine County, before Jno. L. McAtee, Trial Judge.*

*Lookabaugh Brothers,* for plaintiff in error.

*J. H. Campbell,* for defendant in error.

Opinion of the court by

BURWELL, J.: H. M. Davis executed and delivered three promissory notes to Elisha Penny in payment for a bill of books, and at the same time to secure the payment of these notes he executed and delivered to the same party a chattel mortgage. These notes, before maturity, were assigned and delivered to the plaintiff in error. After matur-

ity, the notes not having been paid, he commenced an action in replevin to recover the property included in the chattel mortgage, for the purpose of foreclosure. The defendant answered, alleging that at the time the notes and mortgage were given, Penny and Moorehead were partners in the book business, and then alleges that he made certain sales of books for them, as agent, at wholesale, for which he is entitled to credit in the sum of $131.25; that Moorehead boarded with him to the amount of $63.25, and that Penny boarded with him and he hauled Penny over the country, for which Penny is indebted to defendant in the sum of $53. The defendant also alleges that Penny and Moorehead each agreed to stand good for the debts of the other. The three notes referred to were for the total sum of $175.00 and interest. The defendant prayed for judgment for the difference between the amount of the notes and the amount claimed by defendant to be due from Penny and Moorehead. The jury returned a verdict in favor of the defendant for $20.00, and plaintiff brings the case here.

There are a number of errors in the case, but the record is in such a condition that we can only consider one or two of them. The defendant Davis at the time he bought the books from Penny and gave his notes and mortgage in payment thereof also executed a written contract with him regarding the future sale of books by Davis at wholesale, in which it was agreed that Penny should pay him twenty-five per cent on all such sales. Notwithstanding this written contract, the defendant, over the objections of Moorehead, was allowed to testify in substance that the contract, although it purports to have been made with Penny, was in fact made with Penny and Moorehead, as partners, and he

was permitted to testify to other matters which tended to contradict the written contract. After the evidence had closed the plaintiff requested that the following instruction be given:

"You are instructed that if you find that there was a written contract with reference to the sale of books by the defendant, H. M. Davis, you are instructed that, in so far as it expresses the terms of said contract, it must govern, and that oral evidence is not admissible to vary the terms thereof, but that the written contract must govern."

This instruction was refused and the plaintiff excepted. There is no other instruction given which covers this point. We do not wish to be understood as holding that this instruction is absolutely correct under our statutes, but, if incorrect in any particular, the error was in favor of the defendant. The point to which the instruction was intended to direct the jury was that parole evidence will not be received for the purpose of varying the terms of a written contract, and the court committed reversible error in not giving an instruction on that point. In the case of *Liverpool & London & Globe Insurance Company v. The Richardson Lumber Company*, 11 Okla. 585, the court says:

"It is a fundamental rule of the law that parole, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument."

To the same effect is the *Northern Assurance Company v. Grand View Building Association*, 183 U. S. 308.

Under these authorities the defendant will not be heard to testify that he contracted with Penny and Moorehead, as partners. It might be said, however, that the failure to give the instruction was not error, because the jury found as a

fact that the plaintiff and Moorehead were not partners; but although they made that finding the jury also charged everything up to Moorehead, just as fully as though they had been partners. The jurors unquestionably included in their verdict items which Moorehead, as an individual, was not bound to pay, and by reason of these improper items, the verdict was returned against him for $20.00. It is not necessary to consider any other question.

For the reasons herein given, the order of the district court, in overruling the plaintiff's motion for a new trial is hereby reversed, and a new trial granted at the cost of the defendant in error.

Gillette, J., absent; all the other Justices concurring.