## EARLY v. KING.

No. 2599.    Opinion Filed May 27, 1913.

(135 Pac. 286.)

EVIDENCE—Contracts—Parol. An oral agreement which alters a contract in writing is not valid or binding, and proof of its existence is not competent to vary the terms of a written instrument, unless such oral agreement has been executed.

(Syllabus by the Court.)

*Error from County Court, Grady County;
N. M. Williams, Judge.*

Action by W. C. King against J. C. Early. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Welborne & McCalla,* for plaintiff in error.
*F. E. Riddle,* for defendant in error.

DUNN, J. This case presents error from the county court of Grady county. Defendant in error, as plaintiff, brought an action against the plaintiff in error to recover $300, which he alleges was paid under and by virtue of an oral agreement, entered into at or about the time of the execution of the following written agreement for the lease of the property mentioned:

"Party of the first part hereby lets, rents and leases to party of the second part, for a period of two years, commencing April 1st, 1908, and ending March 31st, 1910, the following described houses and premises situated in the city of Chickasha, in Grady county, Oklahoma, to wit: What is known as the Royal Hotel Building, now occupied by J. O. Nash, as a hotel * * * As a consideration for the use and rent of said building for the period hereinbefore mentioned, party of the second part hereby agrees and binds himself, his heirs and assigns to pay said party of the first part, heirs, or assigns, as rent for said house and premises for the full period of two years, the sum of twenty-four hundred dollars ($2400.00) in lawful money of the United States of America,

which said amount shall be paid as follows, to wit: One hundred dollars ($100.00) in cash, the receipt of which is hereby acknowledged by party of the first part; three hundred dollars ($300.00) to be paid on April 1st, 1908, and one hundred dollars ($100.00) to be paid on the first of each and every month thereafter until said twenty-four hundred dollars has been fully paid. It being understood and agreed that if the three hundred dollars to be paid on April 1st, 1908, is not paid on said date, then this contract can be forthwith terminated by party of the first part, or said party of the first part may declare the entire amount of rent · herein agreed upon forthwith due and payable at his option, and in case any of the payments to become due and payable under this contract after April 1st, 1908, are not made within thirty days from the time same become due and payable under the terms and conditions of this contract, then the entire rent for the full period of time covered by this contract shall become due and payable, and party of the first part shall have the right, if he desires, to declare this contract terminated and to re-enter and take possession of said house and premises."

The proof showed that plaintiff entered into the possession of the property under this lease, and that, after holding it for some months with the consent of the defendant, yielded his contract, and vacated the premises. Plaintiff's evidence was to the effect that the $300 mentioned was a deposit on his part with the defendant as a guaranty of good faith for the complete fulfillment of his contract; that after he had signed the contract, observing that the purpose for which the $300 payment was made, was not clear as to what disposition should be made of it, he called defendant's attention thereto, and it was agreed that the same should be returned to plaintiff, or applied on the rent. Plaintiff testified that if this agreement had not been made by the defendant he would have forfeited the $100 which he had paid, and declined to further comply with the terms of the contract; also, that he had paid $100 per month for all of the time he had occupied the building and that this was a complete fulfillment of the contract. Defendant contends that, the con-

tract in reference to the leasing of the property being within the statute of frauds, and in writing, that evidence of a parol agreement in reference to the disposition of the $300 was inadmissible, and that this is the only question presented.

It is familiar law that "the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." Sec. 1090, Comp. Laws 1909 (Rev. Laws 1910, sec. 942). And "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Sec. 1139, *Id.* (Rev. Laws 1910, sec. 988.)·

A perusal of the contract discloses that the same is clear and unambiguous on the proposition that the house was leased for the full period of two years, and that the sum of $2,400 was to be the amount of the consideration to be paid by plaintiff for the use thereof. It is also clear that $100 of this amount was to be and was paid at the time of the execution of the contract, which was on March 24, 1908, and that $300 in addition thereto was to be paid on the 1st day of April, 1908. The $2,400 under the contract, with the exception of the payment of $300, was divided into separate payments of $100 each, payable at the first of each month until the whole sum was paid, and it is to be noted that the lessor reserved the right, in case the $300 payment was not made on April 1st, to terminate the contract, or declare the entire amount of rent therein agreed upon to be forthwith due and payable. To permit the introduction and consideration by the court of the evidence offered by plaintiff, would be to do that which the statute inhibits, to wit, permit a contract in writing to be altered otherwise than by another contract in writing, or by an executed parol agreement. If defendant had returned to the plaintiff the $300 in accordance with the claim made by plaintiff, and then had sued to recover it, there would then have been presented the executed parol agreement, effective

to modify the terms of the contract, but the facts as presented disclose no more than an effort to enforce an executory parol agreement, altering and changing the terms of the written contract into which the parties entered. That this cannot be done is clear from the statute and the adjudicated cases. *Keokuk Falls Imp. Co. et al. v. Kingsland, etc., Mfg. Co. et al,* 5 Okla. 32, 47 Pac. 484; *Liverpool, etc., Ins. Co. v. T. M. Richardson Lumber Co.,* 11 Okla. 585, 69 Pac. 938; *Moorehead v. Davis,* 13 Okla. 166, 73 Pac. 1103; *Neverman et al. v. Bank of Cass County,* 14 Okla. 417, 78 Pac. 382; *Guthrie & Western R. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. C. A. (N. S.) 490; *McNinch v. Northwest Thresher Co.,* 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803.

The judgment of the trial court is accordingly reversed, and the case remanded, with instructions to dismiss the same. All the Justices concur.