## CONNER v. WARNER et al.

No. 5197.   Opinion Filed October 19, 1915.

Rehearing Denied November 30, 1915.

(152 Pac. 1116.)

1. **LANDLORD AND TENANT—Dispossession of Tenant—Rent Recoverable.** The defendant leased from plaintiff certain premises, under a written contract, for a period of five years, for which he agreed to pay the aggregate sum of $33,000, in installments of $550 a month, in advance of each month, commencing on the date of the lease, which was June 20, 1912. Said lease contained the following provision: "It is further agreed that any failure on the part of said lessee to pay said rent promptly when due as above provided, or to observe any or all of the other provisions of this lease, shall, without notice, render this lease immediately void and entitle the said lessors to enter, and take possession of said premises without notice, and the provisions of this paragraph shall apply to any sublessee or other person in possession of said premises under this lease." The June and July payments were made, but the lessee failed to pay the installment due for the month commencing August 20th. The defendant was not present at the time plaintiff took possession, and the contention of the plaintiff was that defendant had abandoned the premises. The court made findings of fact thereon as follows: "On the 20th day of August, 1912, there became due from the defendants to the plaintiff an installment of rent, amounting to $550, and no part of said sum had been paid. Thereafter, on the 26th day of August, 1912, the plaintiff, lessor, declared a forfeiture for nonpayment of rent, pursuant to the terms of the lease, and immediately took possession of the premises"—and, while there is no finding of the court to that effect, the evidence shows that plaintiff retained possession of the premises. **Held,** that under the circumstances of the case, and the findings of the court, the plaintiff's remedy was for the recovery of the proportionate amount of the monthly rental due on the 26th day of August, 1912, which would be $110.

2. **APPEAL AND ERROR—Trial—General Finding—Conclusiveness.** Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

3.   **LANDLORD AND TENANT—Lease—Breach by Tenant—Remedies of Landlord—Right to Election—Rent Recoverable.** If a tenant wrongfully abandons leased premises before the expiration of the term, the landlord may, at his election:   (a)   At once enter and terminate the contract and recover the rent due up to the time of abandonment; or (b) he may suffer the premises to remain vacant and sue on the contract for the entire rent; or (c) he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages—but if the landlord forcibly takes possession of the premises, without the consent of the tenant, and retains the same, he cannot recover to exceed the amount of rent due up to the time he took possession.

(Syllabus by Robberts, C.)

*Error from Superior Court, Tulsa County;.*
    *M. A. Breckenridge, Judge.*

Action by Benjamin C. Conner, trustee, against C. W. Warner and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*Benjamin C. Conner,* for plaintiff in error.

*F. O. Cavitt,* for defendants in error.

Opinion by ROBBERTS, C.   This action was originally brought in the superior court of Tulsa county.   It is founded on:   (1) A written lease; (2) a bond given by the lessee; and (3) a trust agreement, whereby the plaintiff in error, plaintiff below, was appointed trustee to collect the rents under the lease.   The defendants in error, defendants below, are the lessee and his bondsmen. Herein we will refer to the respective parties as plaintiff and defendants.

Plaintiff's petition sought to recover a monthly installment of rent due August 20, 1912, under the following provision of a written lease of a furnished hotel building:

"In consideration of said leasing, the lessee agrees to pay as rent for said premises, furniture and fixtures, the sum of thirty-three thousand dollars ($33,000.00) in sixty equal installments of five hundred fifty dollars ($550.00) each, the first installment to be paid on the execution of this lease, the receipt whereof being hereby acknowledged by the lessors; the second installment being due the twentieth of July, 1912, and the other installments becoming due monthly thereafter on the twentieth day of each month."

The defendant C. W. Warner was the lessee under this lease. The defendants W. H. Manes, H. E. Woodward, and C. L. Nelson were Warner's bondsmen for the faithful performance on his part of the provisions of the lease. The plaintiff was trustee to collect the rents under a written trust agreement, executed by the lessors, Warner and the trustee. All three written instruments—(1) the lease, (2) the bond, and (3) the trust agreement—were attached to plaintiff's petition. The answer of defendant C. W. Warner is as follows:

"The defendant C. W. Warner, for answer to the petition of the plaintiff, denies each and every allegation of every cause of action set forth in said petition.

"Defendant C. W. Warner, further, in answer to the petition of the plaintiff, alleges that on the 26th day of August, 1912, and after making the lease set forth in said petition, one Burt Center, a lessor and owner of said premises described in said petition of the plaintiff, did, with force and arms, enter upon said premises during the absence of the defendant, and ejected and expelled one John Peitzel, defendant's agent in charge of said premises, and has since kept this defendant out of the possession thereof; that the acts and conduct of said co-owner of said premises, one Burt Center, in removing this defendant from said premises ·during his absence and without his

knowledge, and consent, works an eviction of him from said premises."

The other defendants filed answers in the same form, except that the answer of C. L. Nelson is verified. To the answers of the defendants, the plaintiff filed a reply, denying, all and singular, each and every allegation of new matter contained in said answers. The cause was tried to the court without a jury. The court made the following findings of fact and conclusions of law:

"The court finds that the plaintiff is the assignee of the lessors' interest under a certain lease of real property, described in plaintiff's petition, and the defendants are the lessee and sureties of said lessee under said lease; that on the 20th day of August, 1912, there became due the plaintiff from the defendants an installment of rent, amounting to $550; that no part of such sum has been paid; that thereafter, on the 26th day of August, 1912, the plaintiff's assignors, the lessors under said lease, declared a forfeiture for the nonpayment of rent, pursuant to the terms thereof, and immediately took possession of said premises. The court finds that because of said forfeiture, the plaintiff is not entitled to recover the full amount of the installment due, on the 20th day of August, 1912, but is entitled to apportion the same for the time said lessee actually occupied said premises, to which conclusions of the court the plaintiff and defendants duly excepted."

Thereupon the court entered judgment in favor of the plaintiff, and against the defendants, for $110 and costs of the action. The plaintiff filed his motion for new trial, which was overruled by the court, and exceptions saved.

The assignments of error are as follows:

"First. The court erred in concluding from its findings of fact that the installment of rent due on August

20, 1912, was apportionable to the time lessee occupied the premises.

"Second. The court erred in concluding that plaintiff in error was not entitled to recover the full amount of the installment of rent which became due August 20, 1912, to wit, $550.

"Third. The court erred in failing to enter a judgment in favor of the plaintiff in error, and against the defendants in error, for the sum of $550.

"Fourth. The court erred in overruling the motion of plaintiff in error for a new trial."

There is little conflict in the evidence. These facts are admitted without conflict: (1) The lease, the bond, and the trust agreement, exhibited to plaintiff's petition, were executed as alleged. (2) The installment of rent, amounting to $550, which became due under the lease August 20, 1912, was never paid. (3) On August 26, 1912, lessors declared a forfeiture under the terms of the lease for nonpayment of rent, and took possession of the premises.

There was some conflict in the evidence as to whether or not the lessee abandoned the premises before the forfeiture or afterwards. The court found that:

"The lessors under said lease, declared a forfeiture for nonpayment of rent pursuant to the terms thereof" —and neither party to the action took any exception to this finding of fact. The plaintiff in error does not, at this time, except to any finding of fact, but only to the conclusion of law which deprived the plaintiff of the entire installment of rent which accrued six days prior to the day of forfeiture.

Counsel for plaintiff in error concede that all the assignments of error may be disposed of under a single contention that:

"Where a lease reserving rent payable in installments is surrendered or forfeited, and the lessor elects to take possession of the leased premises, he is entitled to all of the unpaid installments which have become due under the terms of the lease."

In support of this contention, counsel cite the following cases: *Higgins v. Street,* 19 Okla. 45, 92 Pac. 153, 13 L. R. A. (N. S.) 398, 14 Ann. Cas. 1086; *Early v. King,* 38 Okla. 206, 135 Pac. 286. The syllabus of the former of the two cases is as follows:

"If a tenant wrongfully abandons leased premises before the expiration of the term, the landlord may, at his election, at once enter and terminate the contract and recover the rent due up to the time of the abandonment, or he may suffer the premises to remain vacant and sue on the contract for the entire rent, or he may give notice to the tenant of his refusal to accept a surrender when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages."

In the latter case of *Early v. King, supra,* the covenant to pay rent was as follows:

"As a consideration for the use and rent of said building for the period hereinbefore mentioned (two years), party of the second part hereby agrees and binds himself, his heirs and assigns, to pay said party of the first part, heirs or assigns, as rent for said house and premises for the full period of two years, the sum of twenty-four hundred dollars ($2,400.00) in lawful money of the United States * * * which said amount shall be paid as follows, to wit: One hundred dollars in cash, the receipt of which is hereby acknowledged by party of the first part;

three hundred dollars to be paid on April 1, 1908 (the date of the commencement of the lease), and one hundred dollars to be paid on the first of each * * * month thereafter until said twenty-four hundred dollars has been fully paid."

Before proceeding with the consideration of the authorities cited by counsel for plaintiff. in support of his contention, we call attention to the findings of the trial court, upon the question of the termination of the possession of the lessee, of the premises involved. The language of the court is:

"On the 26th day of August, 1912, the plaintiff's assignors, the lessors under said lease, declared a forfeiture for the nonpayment of rent, pursuant to the terms thereof, and immediately took possession of said premises."

This action is to recover $550, being the installment due August 20, 1912, in advance, for the month commencing on that date. The question is, under the findings of the court and facts as shown by a preponderance of the evidence, can the plaintiff recover for the full month, or only for the time defendant actually occupied the premises? If the tenant had voluntarily abandoned the premises, there would be no doubt about the plaintiff's right of recovery, but this is not a case of abandonment. This court has approved and adopted the rule laid down in Jones on Landlord and Tenant, section 549, in *Higgins v. Street, supra,* wherein, speaking through Chief Justice Burford, the court said:

"After an unauthorized abandonment by a tenant, the landlord may, by taking proper precautions, relet to another without creating a surrender by operation of law; but he is not bound to do so. In a recent case it was said: "The rule sanctioned by the decided weight of authority, if, indeed, there can be said to be a diversity of opinion

on the subject, is that the landlord may, in such case, at his election, relet the premises upon the abandonment thereof by the tenant, in which case the measure of his damages will be the agreed rental, less the amount realized on account of such reletting, or he may permit the premises to remain vacant until the end of the term and recover his rent in accordance with the terms of the lease." Although the landlord may relet for the benefit of the lessee and on his account without releasing him from his undertakings, such acts, if unexplained, would amount to a surrender by operation of law, as in a case where the lessor accepted the surrender.' In *Brown v. Cairns*, 63 Kan. 584, 66 Pac. 639, this identical question was involved under a lease which provided that if the lessees, at any time during the term, should fail to perform either of the promises or covenants, the lease should terminate and be at an end, and the court held that such covenants were for the benefit of the lessor only, and that the lessee could not, by failure to perform the conditions of his lease, abrogate the contract and thus secure the advantage of his own default, and that the landlord had a right to take possession and lease to another tenant for the purpose of reducing the liability of the original tenants, and such action would not create a surrender by operation of law."

But it must be apparent that the findings of the court do not bring the instant case within that rule. Here, the plaintiff, "on the 26th day of the month," after only one-fifth of the rental month had run, "immediately took possession of the premises," and while the court does not so find, the entire record is to the effect that he forcibly took possession of the premises in the absence of the defendant and retained it, and there is no evidence tending to show that he accounted to defendant, in any manner, for the rent or use of the property after he had taken possession.

According to the rule laid down in the first case cited in plaintiff's brief, the plaintiff, under his theory that de-

fendant had abandoned the premises, would have had, at his election, either of three remedies: (a) He could have entered the premises at once, and terminated the lease contract, and recovered the rent due up to the time of abandonment; or (b) he could have suffered the premises to remain vacant, and sued on the contract for the entire rent; or (c) he could have given notice to the defendant of his refusal to accept a surrender, and have sublet the premises for the unexpired time, for the benefit of the defendant to reduce his damages. The trial court found that the plaintiff adopted the first remedy, declared the lease terminated, took possession, but sued for the full month. While the court did not say so, in so many words, the plain meaning of his language is that the defendant was evicted. He says:

"He declared the lease forfeited, and immediately took possession of the premises."

The second case cited by counsel for plaintiff, *Early v. King, supra,* does not sustain the contention of counsel. That was an action to recover $300, paid by the plaintiff to the defendant under a written lease contract, and in full accord with the terms of the written instrument. Long before the termination of the lease as fixed by the terms of the instrument, the lessee, by consent of the lessor, yielded possession and brought suit to recover the $300, claiming the existence of a verbal contract, in substance, that this money was deposited with defendant as a guaranty of the faithful performance of the contract, and should be returned in case the lessee did not occupy the premises for the full term of the original written lease. The court held that the action was grounded on an attempt to vary the terms of a written contract by

parol testimony, which could not be done. That case is not in point here.

After a careful consideration of the case, based upon the findings of the court, we are forced to the conclusion that the plaintiff's right of recovery comes under the first remedy referred to in *Higgins v. Street, supra,* that the findings of fact .by the trial court are fully supported by the evidence, its conclusions of law correct, and that no prejudicial error was committed by the court.

The case should be affirmed.

By the Court: It is so ordered.