## STATON v. ROBINSON.

No. 20292. Opinion Filed July 14, 1931.

Frank Nesbitt, for plaintiff in error.

L. A. Wetzel, for defendant in error.

CLARK, V. C. J. This is an action commenced in the county court of Ottawa county by defendant in error, T. L. Robinson, doing business under the firm name and style of Mining Exchange Building Company, against plaintiff in error, Frank Staton, and M. B. Hicks for rents.

For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiff alleged that he had rented a certain building located on the lots described in petition to defendants for a period of 36 months at $100 per month in advance, and that defendants occupied the same for 11 months and failed and refused to pay the rent for the period of last six months the defendants occupied the building. Prayed for judgment for $600.

After demurrer was filed and overruled, the defendant Frank Staton filed his separate answer by way of general denial; and admitted the execution of the lease; admitted defendants went into possession and retained possession for said period. Alleges he does not know whether or not the rent for the last six months is unpaid or not. Further alleges that the store was sold by trustee in bankruptcy, and that immediately after the sale plaintiff forcibly took possession of said premises against the will of defendant, without the knowledge or consent of defendant, and forcibly ousted defendants of their possession without service of notice of rent due or notice to leave or other process. That on account thereof he is entitled to damages for three times the reasonable rental value for that period remaining unused. That the reasonable rental value is $100 per month. Prayed for judgment for $1,000.

Plaintiff by way of reply denied the new allegations of defendant.

On a hearing of said cause the trial court sustained demurrer to defendant's evidence and instructed a verdict for plaintiff for the amount sued for. Motion for new trial was filed by defendant, overruled, and the defendant brings the cause here for review.

The undisputed evidence shows that there was six months unpaid rent at $100 per month while the building was occupied by defendant Hicks; that petition in bankruptcy had been filed against the defendant Hicks, who operated the store in the building, and receiver appointed, and that the lease was not put in as assets of the defendant Hicks. That the defendant Hicks agreed that the receiver might sell the stock; that the stock was sold after advertisement by receiver to plaintiff. That the defendants had not been around the store and building for some time. That defendant Staton did not attend the sale of the stock, although being in the same town, but did go around to the building after the sale, and that Robinson was then in possession. That defendant Staton did not ask nor demand possession of plaintiff, Robinson. That after the sale of the stock to plaintiff it remained in the building and the son of plaintiff and a Mr. Peck continued to operate the store.

In the case of Conner v. Warner et al., 52 Okla. 630, 152 Pac. 1116, this court in the 3rd paragraph of the syllabus said:

"If a tenant wrongfully abandons leased premises before the expiration of the term, the landlord may, at his election: (a) At once enter and terminate the contract and recover the rent due up to the time of abandonment; or (b) he may suffer the premises to remain vacant and sue on the contract for the entire rent; or (c) he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages—but if the landlord forcibly takes possession of the premises, without the consent of the tenant, and retains the same, he cannot recover to exceed the amount of rent due up to the time he took possession."

And in the case of Hargrove et al. v. Bourne, 47 Okla. 484, 150 Pac. 121, this court in the 3rd paragraph of the syllabus said:

"Where the evidence as a whole, with all the inferences that can properly be drawn therefrom, will not support a judgment in favor of the party offering it, a demurrer thereto should be sustained."

And in the case of Johnson et al. v. State Bank of Commerce, 123 Okla. 127, 252 Pac. 59, this court in the 2nd and 3rd paragraphs of the syllabus said:

"2. The court should direct a verdict where a different verdict would be set aside as contrary to the evidence.

"3. Where there is no question of fact raised by the evidence of the defendant that could be properly submitted to a jury, it is not error to direct a verdict for plaintiff."

There was no evidence of forcible eviction; the plaintiff purchased the stock of goods in the building and merely proceeded to operate the store in the building, and the defendants being six months behind with their rent, and this suit being merely for

the rent due up to the time of plaintiff taking possession of the building, it was not error for the court to sustain a demurrer to defendant's evidence and direct a verdict for plaintiff, and the judgment of the trial court is therefore affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.