Morris Don GRENARD, d/b/a Tnemeco Petroleum Company, Plaintiff in Error,

v.

T. R. PORTS and Mrs. T. R. Ports, Defendants in Error.

No. 36943.

Supreme Court of Oklahoma.

June 5, 1956.

Merrel Siler, Oklahoma City, for plaintiff in error.

W. Custer Service, Edmond, for defendants in error.

DAVISON, Justice.

This is an action brought by T. R. Ports and Mrs. T. R. Ports, as plaintiffs, against Morris Don Grenard, d/b/a Tnemeco Petroleum Company, as defendants, seeking recovery of damages to a cow resulting from its getting into defendant's oil-well slush pit. The case was filed in the justice of the peace court where judgment was for plaintiffs. On appeal and trial de novo in the Court of Common Pleas, verdict and judgment were for plaintiffs, from which defendant has perfected this appeal. The parties will be referred to as they appeared in the trial court.

Plaintiffs owned the surface and an undivided interest in the minerals of a quarter section of land in Oklahoma County, Oklahoma. Defendant owned an oil and gas lease on the premises, dated October 20, 1950. A well was drilled thereon and a slush pit dug in July, 1952. Plaintiffs were in the dairy business and used the land for pasture purposes for their milk cows. Plaintiffs' evidence was to the effect that, about the time the well was drilled, defendant told Mr. Ports that he (lessee) would put up a fence that would keep plaintiffs' cattle out of the pit; that he did erect a

two wire fence but the posts were not properly set and braced and the cattle pushed it down and were in the pit constantly; that in October, 1952, a $225 cow got into the pit and couldn't get out because of the mud; that she was so injured in his getting her out that plaintiffs had to sell her for $75; that, thereafter, defendant constructed a good three wire fence and no more cows got into the pit. Most of this testimony was inadmissible and the defendant duly objected to the competency of any parol testimony tending to vary the terms of the written contract or lease. Defendant also demurred to the evidence and moved for an instructed verdict. The court overruled the motions and submitted the issues to a jury which returned a verdict for plaintiffs.

 It is established in this jurisdiction that,

> "There is no statutory duty devolving upon the operator to fence a slush pit. It is not negligence per se not to so fence, and proof of failure to fence a slush pit alone is not sufficient upon which to predicate damages to livestock." Magnolia Pet. Co. v. Howard, 182 Okl. 101, 77 P.2d 18, 19.

In the cited case, the plaintiff was the land owner but a lessee under an agricultural lease subsequent to the mineral lease would stand in the same position. Such was the relation in the case of Mid-Continent Petroleum Corporation v. Rhodes, 205 Okl. 651, 240 P.2d 95, 96, wherein it was held than an "oil lessee owes no legal duty to lessee of surface to fence off tanks, machinery, etc., to prevent livestock from having access thereto". There, as in the case at bar, "there was no evidence that defendants maintained slush pits or machinery or kept or left foreign substances in an area beyond what was reasonably necessary to their drilling operation, or that defendants used premises and maintained their operations otherwise than in usual and customary manner consistent with the purposes contemplated by the oil mining lease."

Although plaintiffs' action is founded upon tort, testimony of a parol agreement was admitted over objection and strenuous protest. None of the testimony was competent. This court has always adhered to the rule stated in the case of Early v. King, 38 Okl. 206, 135 P. 286, as follows:

> "An oral agreement which alters a contract in writing is not valid or binding, and proof of its existence is not competent to vary the terms of a written instrument, unless such oral agreement has been executed."

 It is equally well settled that,

> " 'The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence.' " City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, 471.

The judgment is reversed.

JOHNSON, C. J., and WELCH, HALLEY and BLACKBIRD, JJ., concur.

WILLIAMS, V. C. J., and CORN, JACKSON and HUNT, JJ., dissent.