**F. P. LANAHAN, Plaintiff in Error,**

v.

**Buford W. MYERS and Bertha Myers, his wife, Defendants in Error.**

No. 40270.

Supreme Court of Oklahoma.

Oct. 1, 1963.

As Corrected Feb. 3, 1964.

Rehearing Denied Feb. 4, 1964.

Bob E. Bennett, Ada, for plaintiff in error.

King & Wadlington, by Carloss Wadlington, Ada, for defendants in error.

HALLEY, Vice Chief Justice.

The plaintiffs, Buford W. Myers and Bertha Myers, his wife, commenced this action for damages against F. P. Lanahan, defendant. The parties will be referred to by their trial court designations. Plaintiffs, owners of land, alleged that defendant, oil and gas lessee, negligently operated oil wells, used more of the surface than was reasonably needed and allowed oil and salt water to run over the surface. The petition set forth three causes of action. At the trial, the jury returned a verdict in favor of plaintiff for $750 on the first cause of action for damage to real property and for $150 on the third cause of action for the death of a heifer. The jury was unable to reach a verdict as to the second cause of action. Defendant filed a motion for new trial which was overruled, and he appeals.

Defendant's first and second propositions concern plaintiffs' first cause of action. The contentions are that there was no competent evidence to support either the fact of damage to plaintiffs' real property or the amount of the damages. These contentions necessitate a review of the evidence.

■ Defendant on the first proposition cites several cases, of which Pure Oil Co. v. Gear, 183 Okl. 489, 83 P.2d 389, is representative, for the rule that under the ordinary oil and gas lease, the lessee is entitled to the possession and use of all that part of the surface of the leased premises which is reasonably necessary in producing and saving the oil and gas.

■ Although the lease was not introduced into evidence, it is presumed that defendant in the instant case had such rights under the lease. Wilcox Oil Company v. Lawson, Okl., 301 P.2d 636.

■ Defendant's argument on appeal is that he did not use an unreasonable area of the surface of plaintiffs' land. He points to evidence that two pits for each well and a road leading to each well make up the surface area normally used in that vicinity for drilling and completing oil wells. On the other hand, at the trial and on appeal plaintiffs argue that defendant used the surface for an unreasonable length of time. This, too, gives rise to the cause of action. Cf. Schlegel v. Kinzie, 158 Okl. 93, 12 P.2d 223. Plaintiffs' argument is therefore valid and the evidence they presented that defendant had failed to use the pits for the several years following the completion of drilling is competent evidence to support the judgment on the grounds that he used the area for longer than reasonably necessary. This presented a question of fact for the jury. Davon Oil Co. v. Steele, 186 Okl. 380, 98 P.2d 618. Other evidence to support the judgment is testimony by plaintiffs that salt water, oil and waste substances were permitted to flow over the surface of the land near the pits. Of course, this is prohibited by statute. 52 O.S.1961 § 296.

■ We next come to defendant's contention that the damages concerning this first cause of action were not established with any degree of certainty. Plaintiffs presented evidence that the reasonable and necessary cost of filling in the unused pits and repairing the roads which were causing temporary damage to plaintiffs' land amounted to $430. Concerning permanent damage from excess roads and from salt water and oil which was permitted to flow over his land, one of plaintiffs testified that five to seven acres were ruined. This latter amount was in addition to the pits and roads temporarily damaged. He testified that the fair market value of his land was $100 per acre. Therefore the evidence would have sustained an award of $430 for temporary damages and $500 to $700 for permanent damage. Defendant did not present any evidence to dispute these damages. And he did not complain about the instructions to the jury. The jury's verdict of $750 on this cause of action was sufficiently supported by competent evidence.

■ Defendant's last proposition is that the evidence does not sustain the ver-

dict on plaintiffs' third cause of action. It was alleged that defendant maintained a pit on plaintiffs' land which was allowed to fill with salt water, oil and other refuse and that defendant failed to fence it or otherwise guard it from plaintiffs' cattle. Plaintiffs' evidence sustained these allegations and showed that the heifer of a value of $150 became stuck in the pit, could not get out, starved and died. Defendant admits all these facts but relies on the rule that an oil lessee owes no duty to the surface owner to fence off machinery or slush pits and cites Magnolia Petroleum Co. v. Howard, 182 Okl. 101, 77 P.2d 18; Grenard v. Ports, Okl., 298 P.2d 430. However, the rule in each of these cases is limited by the rule of reasonable necessity. Thus, as is said in Magnolia Petroleum Co. v. Howard, supra, an oil lessee owes no duty to fence "that part of the leased premises which is reasonably necessary in producing and saving the oil and gas." As we emphasized in discussing the evidence under the first cause of action, defendant maintained the pits, including this one where the heifer died, for many years after he drilled and finished the well. This is some competent evidence that the pits were not reasonably necessary to his operations at the time the heifer died. Defendant produced some conflicting evidence on the issue. He testified that he "walked away from those wells with the idea of coming back," although it had been over two years since he sold any oil from the wells. He also testified he was "contemplating" reworking the wells and that the pits "would serve our purpose" in that connection. Such evidence is not sufficiently definite and conclusive to cause all reasonable men to believe that the pits were reasonably necessary to his operations at that time. He had a duty to fence the pit during the time the pits were not reasonably necessary to his operations and it was for the jury to decide whether the heifer's death occurred during such a time. The evidence therefore sustains the verdict on the third cause of action.

Affirmed.