Frank DEWBERRY, Plaintiff in Error,

v.

UNIVERSAL C. I. T. CREDIT CORPO-
RATION, Defendant in Error.

No. 41248.

Supreme Court of Oklahoma.

April 12, 1966.

Rehearing Denied June 14, 1966.

Bruce & Darrell, by J. J. Bruce, Oklahoma City, for plaintiff in error.

McClelland, Collins, Sheehan, Bailey, Bailey & Short, by Robert C. Bailey, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

This action involves the replevin of an automobile. Parties will be referred to as they appeared in the trial court.

Plaintiff in its complaint filed on February 19, 1964, alleges that it is the owner in good faith of a conditional sales contract dated August 18, 1962 signed by defendant, covering the purchase of an automobile and that defendant failed to make a payment of $74.67 due on said contract on December 20, 1963 and all subsequent installments. The contract provides that the plaintiff may take possession of the car upon default of payments.

Defendant in his answer alleges that on December 7, 1963, he entered into an oral agreement with a representative of the plaintiff to extend the payment of the December 20, 1963 payment and subsequent payments until March, 1964. Defendant offered to resume payments if the car was returned to his possession.

Upon the issues made by the pleadings, the case was tried before a jury on April 13, 1964.

Plaintiff established the contract and that the payments due on December 20, 1963 and January 20, 1964 were unpaid.

Defendant attempted to testify concerning his agreement with a representative of the defendant with reference to extending the time for the payment of the December, 1963 and subsequent payments until March, 1964. The court excluded the testimony on the grounds it was an attempt to vary the terms of a written instrument. Defendant made an offer of proof to the effect that on December 6, 1963, defendant made two delinquent payments and in consideration of the payment of an additional $18.00 plaintiff agreed to extend the payment of the December payment until March. Defendant offered in evidence receipts and checks covering the payments he made on the contract. No check or receipt was offered covering the contended $18.00 payment. In sustaining the objection to the testimony the Court specifically referred to the fact that no receipt or check was submitted establishing the $18.00 payment.

Defendant contends that the testimony was admissible under § 237, Title 15, O.S. 1961, which reads:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

■ A written contract clear, plain and explicit in its terms may not be altered, modified or changed by oral testimony in the absence of fraud, accident or mutual mistake. McKee v. Columbus Mutual Life Ins. Co., 171 Okl. 250, 42 P.2d 831; Allan v. Terrell, 126 Okl. 251, 259 P. 268; Roth v. Roach, 115 Okl. 199, 242 P. 201.

■ This Court has held the subsequent "executed oral agreement" referred to in § 237, supra, must be established by "positive, clear and convincing" proof. Bredouw v. Wilson, 208 Okl. 393, 256 P.2d 421; Black v. Silver, 135 Okl. 198, 274 P. 886. There inheres in the verdict of the jury a finding that the proof tendered by the defendant in the present case falls short of being "positive, clear and convincing".

■ An oral agreement modifying a written contract, although established, is ineffective to alter the terms of the written contract until its terms have been fully executed. Grenard v. Ports, Okl., 298 P.2d 430; Davis v. Standard Ins. Co., Okl., 280 P.2d 462; Black v. Silver, 135 Okl. 198, 274 P. 886; Early v. King, 38 Okl. 206, 135 P. 286; Baker v. Haswell & Taylor, 36 Okl. 429, 128 P. 1086.

It also inheres in the jury's verdict in this case that the contended agreement was not fully executed as defendant's own proof establishes that $18.00 consideration for such agreement was not paid.

In Summerall v. Covington Bros. Farm and Loan Inv. Co., 138 Okl. 142, 280 P. 584, this Court held that a subsequent oral agreement for payment of note in merchandise constituted no defense to the payment of the note, although maker tendered the merchandise.

Defendant testified he would resume the payments if possession of the car in good condition was restored to him.

The court in his instructions told the jury that if the defendant was not delinquent in his payments the verdict should be in his favor; also advised the jury of the offer of the defendant to resume payments on the contract if the car was returned to him.

The jury returned a verdict in favor of the plaintiff for the possession of the car.

■ The case was fairly submitted to the jury. Their verdict in favor of the plaintiff will not be disturbed by this Court on appeal. Wickham v. Belveal, Okl., 386 P.2d 315; Yellow Cab Company v. Allen, Okl., 377 P.2d 220.

The judgment of the trial court is affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS and LAVENDER, JJ., concur.

BLACKBIRD, IRWIN and BERRY, JJ., concur in result.