65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NORDAM, an Oklahoma General Partnership, Plaintiff-Appellee,
v.
BURBANK AERONAUTICAL CORPORATION I, a California
corporation, and Burbank Aeronautical Corporation
II, a California corporation, Defendant-Appellant.
 Nos. 93-5221, 94-5244.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before KELLY, LOGAN and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 In No. 93-5221, Defendant-appellant, Burbank Aeronautical Corporation II ("BAC II"), appeals the district court's order granting summary judgment to Plaintiff-appellee, Nordam. BAC II contends that the court should have denied Nordam's summary judgment motion to enforce the parties' forbearance agreement because (1) the parties orally modified the agreement, and (2) the doctrines of waiver and estoppel prohibited Nordam from claiming that BAC II had breached the agreement. If BAC II prevails on appeal, it asks, in No. 94-5244, that we reverse the district court's award of attorney's fees to Nordam. We have jurisdiction under 28 U.S.C. 1291. We affirm summary judgment and the award of attorney's fees to Nordam.
 
 Background
 
 2
 On May 24, 1991, Nordam filed suit against BAC II to collect over $1,200,000 in delinquent open accounts. After a pretrial conference on March 25, 1992, the district court granted summary judgment to Nordam for $1,349,889.87, plus post-judgment interest and costs. The district court subsequently awarded Nordam $23,387.59 in attorneys fees. After learning that BAC II could not immediately pay the full amount, Nordam participated in a settlement conference before a magistrate judge. On April 17, 1992, Nordam and BAC II signed a forbearance agreement ("Agreement"), which outlined a schedule for BAC II's payment of $1,000,000. According to the Agreement, BAC II was to pay Nordam $550,000 on specified dates between April and August, 1992. The parties agreed that if the payments were made on time, Nordam would not execute upon the judgment against BAC II. Aplt.App. at 60-61. BAC II would then pay the remaining $450,000 based upon receipt of payments generated by customer orders.
 
 
 3
 BAC II failed to pay Nordam the $225,000 due on June 30, 1992. On July 28, 1992, the executive vice president of Nordam, Joseph Efird, sent written notice to BAC II's president, Kenneth McGuire, that Nordam considered BAC II to be in default of the terms of the Agreement due to BAC II's failure to make timely payments. The letter stated that BAC II's default would continue until the parties agreed to an amendment to the Agreement.
 
 
 4
 After July 28, 1992, Mr. Efird and Mr. McGuire communicated on a number of occasions. During this time, Nordam never withdrew its July 28th written notice of BAC II's default, nor did the parties execute a written modification to the Agreement.
 
 
 5
 On February 12, 1993, BAC II filed a motion to enforce the Agreement with Nordam. Although BAC II paid Nordam the $1,000,000 by December 1992, Nordam argued that BAC II still owed $409,460.17, the amount remaining on the judgment. At the conclusion of discovery, Nordam moved for summary judgment, contending that BAC II had breached the Agreement, making the judgment against BAC II enforceable. The district court granted summary judgment in favor of Nordam, holding that BAC II had "indisputably breached the payment terms of Paragraph 6 of the Forbearance Agreement," and therefore BAC II owed Nordam the remaining $409,460.17. Aplt.App. at 172.
 
 Discussion
 
 6
 BAC II alleges that the district court erred by granting Nordam summary judgment. We review the district court's order granting summary judgment de novo. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 7
 Incomplete performance of an executory accord does not discharge the underlying obligation, and if the promised performance is not forthcoming, the promisee may enforce the original obligation. Zenith Drilling Corp. v. Internorth, Inc., 869 F.2d 560, 563 (10th Cir.1989); 6 Corbin on Contracts 1268, 1274 (1962).
 
 
 8
 Paragraphs 5 and 8 of the Agreement reveal that the parties agreed that only full and complete performance, meaning strict adherence to the payment schedule, would discharge the judgment against BAC II. Aplt.App. at 62, p 8. Since the executory accord was not fully performed, Nordam was legally entitled to enforce the full amount of the judgment.
 
 
 9
 BAC II argues, however, that the parties orally modified the Agreement by agreeing to a revised payment schedule during the course of two different telephone conversations. The first conversation took place in association with Mr. McGuire's initial proposal to modify the payment schedule and in response to the letter of July 28, 1992. The second occurred in connection with Mr. McGuire's October 5, 1992 initiative to change the due dates.
 
 
 10
 According to Oklahoma law, a written agreement can be modified only by another writing or a fully executed oral agreement. Okla. Stat. tit. 15, 237; Dewberry v. Universal C.I.T. Credit Corp., 415 P.2d 978, 979 (Okla.1966). BAC II asserts that Mr. McGuire and Mr. Efird orally modified the Agreement during two different conversations which followed BAC II's proposals for new payment schedules. In order for these modifications to be effective, BAC II has the burden of proof by positive, clear, and convincing evidence that the modifications were fully executed. Id. BAC II has failed, however, to produce evidence capable of supporting such a finding. Even if we assume that Nordam did agree and the oral modifications were incorporated into the Agreement as the new payment schedules, BAC II's payments failed to meet even these new schedules, Aplt.App. at 67-85. In sum, there has been no showing of a fully executed oral modification of the Agreement, id., therefore, summary judgment was appropriate.
 
 
 11
 BAC II also raises the affirmative defenses of estoppel and waiver, asserting that Nordam was legally prohibited from claiming that BAC II had breached the Agreement. To establish a prima facie case of estoppel, BAC II must adduce evidence tending to show (1) a false representation or concealment of material fact; (2) made with actual or constructive knowledge of the facts to a person without knowledge of or the means of knowing those facts; (3) with the intent that it be acted upon; and (4) that BAC II reasonably relied upon such misrepresentation or concealment to its detriment. Burdick v. Indep. School Dist., 702 P.2d 48, 55 (Okla.1985). Since Nordam's letter of July 28, 1992 clearly states that it considers BAC II to be in default, and no evidence has been pointed to showing that Nordam ever rescinded or withdrew its default notice, we can hardly conclude that BAC II was "without knowledge of the facts." Hence, BAC II cannot establish an essential element of its estoppel claim, and summary judgment was appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 12
 BAC II alleges finally that Nordam waived its right to claim breach of contract by accepting the late payments and waiting until all payments were made before declaring a default. In order to establish such a waiver, BAC II must prove that Nordam voluntarily and intentionally, by express words or unequivocal action, relinquished a known right. See F.D.I.C. v. Palermo, 815 F.2d 1329, 1338 (10th Cir.1987); Hall v. Duncan Savings & Loan Ass'n, 820 P.2d 1360, 1362 (Okla.App.1991).
 
 
 13
 Nordam's default notice of July 28, 1992 is clear and unequivocal and was never modified. The fact that Nordam, at the same time, encouraged BAC II to pay up and put up additional security is not evidence of a waiver. Since Nordam prevails, we do not need reach the issue contested in No. 94-5244.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3